## 53385. THE STATE v. FRAZIER.

MARSHALL, Judge.

The State of Georgia brings this appeal from the grant by the trial court of a special plea of autrefois acquit by res judicata dismissing with prejudice two indictments alleging first degree forgery against the appellee, Frazier. The sole enumeration of error is to the order of the trial court dismissing the indictments with prejudice. *Held:*

The state offers several legal arguments in support of its contention that the trial court erred in sustaining the plea of autrefois acquit based upon evidence of alibi established at an earlier trial for similar offenses occurring during the same time frame. The state contends that the doctrine of res judicata does not apply because of an insufficiency of identity of causes of action; because a verdict of not guilty does not establish alibi so as to bar offenses committed on the same date; and because the defendant did not introduce evidence of the prior transcript showing that the defense of alibi was controlling.

The record in this case shows only that appellee Frazier, after indictment, filed a written motion to dismiss the indictments based specifically upon a plea in bar arising out of res judicata in that an alibi covering the same time frame as the indicted offenses was established as between the parties. The motion was heard without submission of defensive answer by the state. Any additional oral or documentary evidence that might have been alluded to by the parties in argument and considered by the trial court in disposition of this motion was not recorded, therefore could not be attached to or made a part of the record before this court. Though there is an indication that the appellee Frazier did not submit any additional oral or documentary evidence at the hearing on the motion, there is no indication whether legal or factual information was or was not available to or considered by the trial court in making its ruling.

The Appellate Practice Act requires that appeals from final judgments be determined on their merits if at all possible, and the absence in the appellate record of existing transcripts or documents, available in the trial

court, is not a ground to refuse consideration of enumerated errors on their merits. *Interstate Financial Corp. v. Appel,* 233 Ga. 649, 651 (212 SE2d 821). However, in this case the pertinent records, if existing, are not available in the trial court, there being only an unrecorded argument. Therefore, there is nothing which this court can order sent up for our consideration.

The trial court conducted a hearing prior to its ruling on the motion to dismiss. The sole issue presented for its consideration at that hearing was whether the earlier trial established a defense of res judicata. We must assume, absent the availability to us of whatever material the trial court considered while hearing the unreported arguments, that the court properly exercised its judgment and discretion in granting the motion to dismiss. *Sheppard v. State,* 138 Ga. App. 597, 598 (226 SE2d 744). See also *Lee v. Tollerson,* 139 Ga. App. 446, 447 (228 SE2d 595); *Martin v. Britts Home Furnishings,* 137 Ga. App. 360 (223 SE2d 757); *Pastis v. Haverty Furniture Cos.,* 134 Ga. App. 9 (213 SE2d 161); *U. S. F. & G. Co. v. Ga. Farm Bureau Mut. Ins. Co.,* 126 Ga. App. 831 (191 SE2d 893). Accordingly, the judgment of the trial court granting the motion to dismiss with prejudice was not error.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED FEBRUARY 15, 1977 — DECIDED MARCH 4, 1977.

*Andrew J. Ryan, III, District Attorney pro tem. Joseph D. Newman, Assistant District Attorney,* for appellant.

*G. Terry Jackson,* for appellee.