## 62716. CASSELLS v. BRADLEE MANAGEMENT SERVICES, INC.

QUILLIAN, Chief Judge.

This is an appeal from the denial of a motion to dismiss an action for defamation arising from a television broadcast.

Plaintiff-appellee Bradlee Management Services, Inc. (Bradlee), whose principal resides in Cherokee County, operates a nursing home in Buford, Gwinnett County. Defendant-appellant Cassells is a reporter, the employee of and Washington, D. C. news bureau chief for, Cox Broadcasting Corporation (CBC), a Georgia corporation which operates television station WSB-TV in Atlanta. Cassells is a resident of Virginia.

Bradlee commenced this action against Cassells and CBC in Cherokee County Superior Court alleging that it was damaged by the transmission into Cherokee County of a defamatory WSB-TV broadcast concerning a nursing home in Buford which was based on a video tape interview and suggested script prepared by Cassells in Washington and sent to WSB-TV. CBC was dismissed from the suit under Code Ann. § 22-404 (d) (Ga. L. 1968, pp. 565, 584; as amended through Ga. L. 1976, pp. 1576, 1577) and Constitution of Georgia, Article VI, Sec. XIV, Par. IV (Code Ann. § 2-4304) because it has no office in Cherokee County and the co-defendant was not a resident of Cherokee County. The correctness of this ruling has not been appealed. The action was recommenced against CBC in Fulton County.

Personal jurisdiction over Cassells was obtained under the long arm statute, Code Ann. § 24-113.1 (Ga. L. 1966, p. 343; 1970, pp. 443, 444), which states: "A court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts . . . enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent, he . . . (b) Commits a tortious act or omission within this State, except as to a cause of action for defamation of character arising from the act; or (c) Commits a tortious injury in this State caused by an act or omission outside of this State, if the tortfeasor does or solicits

business, or engages in any other persistent course of conduct, or derives substantial revenue from . . . services rendered in this State . . ."

Cassells appeals the denial of his motion to dismiss based on lack of personal jurisdiction and lack of venue. *Held:*

1. This interlocutory appeal was originally granted by the Supreme Court, but then transferred to this court without opinion. The Supreme Court's refusal to review appellant's constitutional challenges to Code Ann. § 24-113.1 renders such contentions without merit. *Denton v. State,* 154 Ga. App. 427 (2) (268 SE2d 725).

2. In view of the Supreme Court's lack of jurisdiction implicit in their transfer of this interlocutory appeal to our court, a serious question arises as to that court's power to originally grant an interlocutory appeal in this instance. However, in the interest of judicial economy we consider the central issue as raised by the parties. Does subsection (c) of Code Ann. § 24-113.1 provide jurisdiction over a nonresident defendant in a defamation case because of his contacts with the State of Georgia; or does subsection (b) thereof prevent the exercise of personal jurisdiction over nonresidents in all defamation cases, as appellant argues? This is a question that has not yet been addressed by the courts of Georgia.

When Code Ann. § 24-113.1 was originally enacted it did not include subsection (c). The Supreme Court of Georgia has explained why subsection (c) was enacted and the relationship between (b) and (c), as follows: "Code Ann. § 24-113.1 (b) and (c) provide for the exercise of personal jurisdiction over nonresident tortfeasors. Prior to the adoption of subsection (c), the Court of Appeals had interpreted subsection (b) restrictively, requiring that both the tortious act and the injury must occur in Georgia to confer personal jurisdiction of our courts over the defendant. [Cits.] In response, the legislature enacted subsection (c), Ga. L. 1970, p. 433, and this court disapproved of the Court of Appeals' narrow construction of (b) in [*Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58, 60 (195 SE2d 399)]. There we held that 'subsection (c) . . . was obviously enacted to legislatively "get around" the legal reasoning on which the decisions [of the Court of Appeals were based.]' [Cit.] The General Assembly apparently approves of this interpretation of legislative intent for it has not again acted to amend these subsections.

"Furthermore, we note that limitations similar to those present in subsection (c) are constitutionally mandated under subsection (b). A nonresident defendant is subject to the jurisdiction of the Georgia courts only if he has established 'minimum contacts' in this state so that the exercise of jurisdiction is consistent with 'traditional notions

of fair play and substantial justice.' International Shoe Co. v. Washington, 326 U. S. 310, 316 (1945). Accord, [Ga. Cits.]. We thus conclude that there is no essential difference between subsections (b) and (c)." *Clarkson Power Flow v. Thompson,* 244 Ga. 300, 301, 302 (260 SE2d 9).

While the extent of Georgia long arm jurisdiction in defamation cases has not been considered by the courts of this state it has been considered in several such cases by the federal district courts in Georgia with differing results. See Southard v. Forbes, Inc., Civil No. 74-1984A (N. D. Ga. Mar. 25, 1975); A. B. R. Metals & Services, Inc. v. Astralloy-Vulcan Co., Civil No. 76-298A (N. D. Ga. Aug. 27, 1976); Process Control Corp. v. Witherup Fabrication, 439 FSupp. 1284 (3) (N. D. Ga. 1977); Spelsberg v. Sweeney, 514 FSupp. 622, 625; Attwell v. LaSalle Nat. Bank, 607 F2d 1157, 1161. The prevailing view is expressed in the headnote of the Process Control Corp. case, 439 FSupp. 1284 (3), supra, which held that the Georgia long arm statute "does not exclude jurisdiction over nonresidents in defamation cases regardless of the nonresident's additional contacts with Georgia, but rather requires that a nonresident defendant charged with defamation have sufficient minimum contacts with Georgia apart from contacts arising from acts constituting the alleged defamation."

After careful consideration, we decline to adopt the reasoning of the federal court. The language of the statute is clear, unequivocal and unambiguous in mandating the exclusion of an action predicated on defamation. Moreover, our highest state court has not recognized the distinction proffered by the federal court. The Georgia Supreme Court has held that subsection (c) of the Act is nothing more than an advisory appendage designed to correct the interpretation previously given subsection (b) by our appellate courts. In a portion of *Clarkson Power Flow v. Thompson,* 244 Ga. 300, 301, supra, which we have previously quoted, the Supreme Court noted: "limitations similar to those present in subsection (c) are constitutionally mandated under subsection (b). A nonresident defendant is subject to the jurisdiction of the Georgia courts only if he has established 'minimum contacts' in this state so that the exercise of jurisdiction is consistent with 'traditional notions of fair play and substantial justice.'" Thus, since "there is no essential difference between subsections (b) and (c)," we conclude that in the construction of the statute the preeminent factor is the exclusion contained in subsection (b) with regard to an action for defamation of character.

Since this action clearly falls within the exclusion, it was error not to dismiss the complaint.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 20, 1982 —
REHEARING DENIED FEBRUARY 18, 1982 —

*Joseph R. Bankoff, Gordon A. Smith, Thomas A. Roach, C. Michael Roach,* for appellant.

*R. M. Bernhardt, Thomas S. Fisher, J. Britten Miller, Jr.,* for appellee.