## 64927. LAWRENCE v. THE STATE.

CARLEY, Judge.

Appellant was indicted for robbery and kidnapping. He was convicted of robbery and of the lesser offense of false imprisonment. Appellant appeals from the judgment of conviction and sentence.

1. Appellant asserts that the trial court erred in its charge to the jury on the element of intent, contending that such charge was burden-shifting under the holding of Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979). The trial court charged the jury in pertinent part as follows: "A crime is defined as a violation of a statute of this state in which there shall be a union of joint operation of act and intention. I charge you that every person is presumed to be of sound mind and discretion but that this presumption may be rebutted. I charge you that you may infer that the acts of a person of

sound mind and discretion are the product of his will and you may infer that a person of sound mind and discretion intends the natural and probable consequences of his acts. Whether or not you make any such inference in this case is for you to decide. Ladies and gentlemen, I charge you that intent is an essential element of any crime and must be proved by the state beyond a reasonable doubt. A person will not be presumed to act with criminal intent but the trier of the facts, and that is you, members of the jury, may find such intention or the absence thereof upon a consideration of the words, conduct, demeanor, motive and other circumstances connected with the act for which the defendants are being prosecuted."

The instant charge is essentially the same charge as was found by this court in *Jones v. State,* 159 Ga. App. 845 (6) (285 SE2d 584) (1981) not to be burden-shifting. Therefore, there is no merit in appellant's Sandstrom attack upon the charge.

· 2. Appellant further enumerates as error the admission of evidence obtained by the police from appellant while he was in custody. Appellant contends that he was never given the Miranda warnings and that, in their absence, the evidence was inadmissible. At trial appellant did not object to the introduction of the evidence on this basis. "[I]t is well-settled that this court will not consider questions raised for the first time on appeal. [Cit.]" *James v. State,* 157 Ga. App. 645 (3) (278 SE2d 187) (1981). *Altman v. State,* 156 Ga. App. 185 (5) (273 SE2d 923) (1980).

*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED JANUARY 5, 1983 —
REHEARING DENIED JANUARY 18, 1983 — 

*Stephen P. Harrison,* for appellant.
*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney,* for appellee.