## 68780. JOHNSTON v. ATLANTA HUMANE SOCIETY et al.
### (326 SE2d 585)

BIRDSONG, Presiding Judge.

Summary Judgment — Trover. Johnston was possessed of a Keeshond dog with an estimated value of $1,000 or more. On August 16, 1983, this Keeshond dog wandered from the property of Johnston and was found at a shopping center by one Valente. The next day Valente delivered the dog to the Atlanta Humane Society. The dog had no identification tag nor vaccination tag to enable either Valente or the Humane Society to locate the lawful possessor of the dog. Each day the Humane Society runs an advertisement in the local paper notifying pet animal possessors who have lost their pets to check with the animal pound to determine if the pound may have possession of the lost pet.

On August 26, 1983, nine days after the Humane Society had taken possession of the Keeshond, the dog was placed for "adoption." After the dog had been "adopted," Johnston queried the pound and learned that a dog similar to the one he lost had been in the possession of the pound but had already been adopted. Johnston filed a compliant against the Humane Society seeking to recover the dog or its value and to force the Society to release the identity of the adopter so that Johnston could negotiate the return of the dog or a recovery of a fair value. The trial court granted the Humane Society summary judgment as to Johnston's complaint and denied discovery to Johnston the identity of the adopter in the face of a motion for protective order filed by the Society based upon a public policy consideration. Johnston brings this appeal enumerating several alleged errors. *Held*:

Fulton County Code § 30-3-9 provides that it is unlawful for persons keeping dogs to fail to affix to the dog's collar both a current license tag and a vaccination tag. That ordinance also provides that after the impounding of a dog which does not have a tag, within three days if the animal is not claimed, the dog may be disposed of in a manner approved by a Health Officer; provided that the Health Officer may at his discretion offer for adoption any dog not redeemed or claimed by the person having right to possession, to any person who complies with all applicable provisions precedent to such adoption. It is undisputed that in every respect the Humane Society and the adopter fully complied with every applicable portion of the county's ordinance.

Johnston's appeal is based upon the premise that the Keeshond dog was personal property, the "title" to which was vested in him. Thus he argues that as he (Johnston) had "title" to the dog, the Humane Society, having no more than temporary possession, could not transfer "title" to the new owner so as to deprive Johnston of the property without first giving Johnston due notice of the intent to dis-

pose of the property and affording him the opportunity to protect his title to the dog. The argument continues that because title to the dog was vested in Johnston, he was entitled as a matter of right to depose both the Humane Society and the adoptive owner as to the circumstances of the transfer of possession. Lastly, Johnston argues that to deprive him of his property rights in the dog without just compensation is to deny him his due process rights.

It is interesting to observe that at no point in the Fulton County ordinance does the ordinance speak of "owners" of animals or the transfer of "title" to impounded animals. The ordinance authorizes an "adoption" of a dog held by the pound for more than three days if the person having right to possession has not redeemed the dog.

This ordinance is compatible with the special but limited possessory rights of any pet owner. Property in dogs is of an imperfect or qualified nature, the possession of which may be subjected to peculiar and even drastic police regulation by the State without depriving their owners of any constitutionally protected property rights. Exercise of this police power in the protection of the public does not amount to the taking of one man's property and giving it to another nor violate principles of due process. See *Nicchia v. New York*, 254 U. S. 228, 230 (41 SC 103, 65 LE 235). This state has recognized that the power to regulate the keeping of dogs and to enforce such regulations by fines, forfeitures and penalties is a proper exercise of the police power. Thus dogs may properly be kept under the special watch and ward of the police power. *Fincher v. Collum,* 2 Ga. App. 740, 743 (59 SE 22).

We agree with the argument Johnston had a possessory interest in the dog which protects him from its loss by larceny. Moreover, his interest was sufficient to protect him from loss by conversion in a situation where the police power is not involved. However, we do not conclude that such possessory interest transcends that of the lawful exercise of the police power of the state in the protection of its citizenry. To extend the owner's proprietary interest to that point would emasculate the ordinance's clear intent to protect the public. If the argument is thus carried to the point urged by Johnston, he could protect his interest in the dog even to the extent of protecting a vicious or rabid dog and that protection by extension would not be limited by the fact that the dog had temporarily wandered from the custody of the owner.

As we view the purview of the ordinance, it is to grant to every citizen a limited right to possess a dog as a pet. That possession is governed by overriding public policy. The ordinance thus in effect provides that if the possessor does not abide by the governing statute, his right to possession is forfeited and the right to possession is transferred to the Humane Society. The owner has a right to redemption if

that right of redemption is exercised in three days. If, however, after three days redemption has not occurred, the right to possession becomes vested in the Humane Society authorizing disposition of the dog. An official of that agency then has the right to dispose of the animal by destruction or preferably by putting the animal up for adoption. There is no issue of title, merely the transfer of a right to possession. The Humane Society had as much authority to transfer possession to an adopter as it did to assume possession of the dog when it was impounded for failure to wear either an identification tag or a vaccination tag.

Likewise, we concur with the conclusion of the trial court that to allow the original possessor the right to learn the identity of the adopter by deposing the Humane Society would defeat the intent of the framers of the ordinance. It is apparent that with the large number of dogs that constantly are being impounded, the Humane Society would be inundated with dogs and attendant costs unless the animals could be destroyed. In the interest of allowing an alternative to destruction, the ordinance provides for adoption. To allow an earlier owner to learn the identity of an adopter could lead to harassment and limit or curtail adoption so as to lead to the less desirable alternative of destruction. We conclude therefore that the trial court properly determined the ordinance in question authorized the impounding and subsequent adoption of the dog in question. Moreover, it was an appropriate exercise of police power by the Humane Society in denying the name of the adopter to Johnston as well as appropriate for the trial court to grant a protective order to protect that person's identity.

Johnston's only other argument is that the ordinance subjects him to deprivation of property without due process of law. We find this aspect of the appeal likewise to be without merit. This case was transferred to the Supreme Court because of the asserted unconstitutionality of the ordinance. The case was returned as being wholly within the jurisdiction of this court. The Supreme Court's refusal to review appellant's constitutional challenge mandates the finding that appellant's contentions of error on constitutional grounds are without merit. *Cassells v. Bradlee Mgt. Services,* 161 Ga. App. 325, 326 (1) (291 SE2d 48).

*Judgment affirmed. Carley, J., concurs in the judgment only. Beasley, J., concurs specially.*

DECIDED FEBRUARY 1, 1985.

*G. Roger Land,* for appellant.
*Caryn R. May, Robert D. Burton,* for appellees.

BEASLEY, Judge, concurring specially.

In this case where the dog owner lost his dog because he did not act promptly, I simply wish to point out the following:

1. The justification for refusing discovery here is not only to protect the adopter from harassment, which could often be a reason for refusing discovery in many contexts, but rather that the information sought is irrelevant to the issues in the case. The question is whether defendant had a right to dispose of the dog, not who it gave the dog to. If it *did* have that right, that is the end of it. If it *did not* have that right, it would have to get the dog back or pay for it. In no event is the adopter's identity necessary.

2. As to the complaint about due process of law, i.e., that sufficient notice was not given: the scheme provides for notice, and what happened here complied with it. That is to say, the owner will have direct notice if he tags the dog as he is required to do; also, a general newspaper ad is run daily. Moreover, an owner is disobeying the law by allowing a dog to escape and not to be on a leash. Here the owner gave no justification for the dog's being at large. Certainly the newspaper ad is more likely to be seen by the owner of a lost dog than would a notice pinned on the bulletin board outside the courthouse door.