71435. McCUTCHEN v. THE STATE.
71436. ELLIOTT v. THE STATE.
71437. CRAWFORD v. THE STATE.
(341 SE2d 260)

SOGNIER, Judge.

Appellants were convicted of burglary at a joint trial and appeal.

1. Each appellant contends the trial court erred by denying their motions for a mistrial on the ground that the State did not provide them with the results of scientific tests in response to their *Brady* motions for disclosure of exculpatory evidence. (*Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)). In their motions appellants requested, among other things, any reports or statements of experts, including results of scientific tests and experiments or comparisons, including handwriting exemplars. Since the appellants' motions did not refer to discovery of scientific reports pursuant to the provisions of OCGA § 17-7-211, and did not make clear that the ten-day time frame was being invoked, their *Brady* motions were not sufficient to constitute a request for discovery under the provisions of OCGA § 17-7-211. *Massey v. State*, 251 Ga. 515, 516-517 (2) (307 SE2d 489) (1983).

*Appellants McCutchen and Crawford*

2. McCutchen and Crawford contend the trial court's instruction on intent unconstitutionally shifted the burden of persuasion to the

defense. The trial court charged the jury on intent: "A crime is a violation of a statute of this State, in which there shall be a union or joint operation of act and intention. Every person *may be* presumed to be of sound mind and discretion, *if you see fit to draw such a presumption*, but this presumption may be rebutted, that is, overcome by evidence to the contrary. You *may infer*, if you choose to do so, that the acts of a person of sound mind and discretion are the product of his will; and you *may infer* that a person of sound mind and discretion intends the natural and probable consequences of his act. Whether or not you make any such inference is a matter solely within your discretion. Intent is an essential element of any crime, and must be proved by the State beyond a reasonable doubt. A person will not be presumed to act with criminal intent, but the trier of facts, and that's you, the Jury, may find such intention, or the absence thereof, upon a consideration of the words, conduct, demeanor, motive, and other circumstances connected with the act for which the accused is being prosecuted." (Emphasis supplied.)

Appellants contend this instruction is not consistent with the holding in *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344), and argue that the charge in the instant case is in sum and substance the same as the charge given in *Francis*. This argument is not well taken, for in *Francis* the trial court charged, in pertinent part: "The acts of a person of sound mind and discretion *are presumed* to be the product of a person's will, but the presumption may be rebutted. A person of sound mind and discretion *is presumed* to intend the natural and probable consequences of his acts, but the presumption may be rebutted." (Emphasis supplied.) The court in *Francis* held that the words "are presumed" and "is presumed" in the quoted portion of the charge are cast in the language of command, and carry the message condemned in *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39). In the instant case, the trial court did not use such language in the charge complained of by appellants. Rather, the court stated that every person *"may be* presumed" to be of sound mind and discretion, and further qualified that statement with the phrase "if you see fit to draw such a presumption." All other references in the charge were to inferences, and the court left whether or not to make such inferences to the discretion of the jury. Finally, the court here instructed the jury that intent must be proved by the State beyond a reasonable doubt. As the court pointed out in *Francis*, supra: "The court must determine whether the challenged portion of the instruction creates a mandatory presumption . . . or merely a permissive inference . . . A mandatory presumption instructs the jury that it *must* infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not *require* the

jury to draw that conclusion." (Emphasis supplied.) A reading of the court's charge in the instant case makes it clear that the charge falls in the category of a permissive inference, and thus, does not contain language similar to that condemned in *Francis*. As this court has held that the language of the charge here is not otherwise burden-shifting, there is no merit in appellants' contention that the charge is burden-shifting. *Lawrence v. State*, 165 Ga. App. 151, 152 (1) (299 SE2d 126) (1983).

3. McCutchen and Crawford contend in two enumerations of error that the court's charge on burglary and recent possession of stolen property was error because it referred to the three defendants together, thus denying the jury the option of finding that one or more of the defendants was guilty and one or more of them was not guilty. Appellants also contend the charge improperly shifted the burden of persuasion. These enumerations of error are without merit.

In support of these enumerations appellants have quoted one portion of the charge on burglary and recent possession of stolen property in which the court referred to the defendants jointly without quoting the entire charge, in which the court referred to the defendants individually. In the omitted portion of the charge the court stated, in pertinent part, that "if you should find and believe beyond a reasonable doubt . . . that the property, or any part thereof, shown to have been taken in the course of such burglary from said premises was found recently thereafter in the possession of the Defendants, *or either of them* . . ." (Emphasis supplied.) Subsequently, in its charge on the form of the verdict, the court stated: "If you find any of the Defendants guilty and any of the Defendants not guilty, then your verdict should name the Defendants that you find guilty and your verdict would name the ones that you find not guilty." While the court's charge on burglary might have been worded more precisely in regard to individual defendants, we do not believe the charge would lead the jury to believe that they must find all or none of the defendants guilty. " '[W]here a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. [Cit.] There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence.' " *Collins v. State*, 145 Ga. App. 346, 348 (4) (243 SE2d 718) (1978); *Thurmond v. State*, 161 Ga. App. 602, 605 (2) (288 SE2d 780) (1982). Appellants' contention that the charge improperly shifted the burden of persuasion to them has been decided adversely to appellants. *Williamson v. State*, 248 Ga. 47, 60 (2) (281 SE2d 512) (1981).

It is clear from the quoted portion of the court's charge on the

form of the verdict that appellants' contention relating to that charge is not supported by the transcript, and this court will not consider factual representations in a brief which are not supported by the transcript. *Chamlee v. State*, 166 Ga. App. 696, 697 (2) (305 SE2d 369) (1983).

## Appellant Elliott

4. Elliott contends the trial court erred by overruling his plea of res judicata (in reality, a plea in bar of trial based on former jeopardy) and his demurrer to the indictment. This enumeration of error is without merit, as a plea in bar of trial based on former jeopardy must be made in writing upon arraignment and before pleading on the merits. *Holmes v. State*, 120 Ga. App. 281 (1) (170 SE2d 312) (1969). If not made in writing at the proper time, a plea of former jeopardy is waived. Id. at 281-282. See also *McCormick v. Gearinger*, 253 Ga. 531, 534 (3) (322 SE2d 716) (1984).

In the instant case appellant was arraigned and entered a plea of not guilty on December 12, 1984 and filed his plea of res judicata on December 14, 1984. Since the plea was not filed at the proper time, it is deemed waived. *Holmes*, supra; *Bryant v. State*, 224 Ga. 235 (161 SE2d 312) (1968).

The same rule applies to appellant's demurrer to the indictment. *McArthur v. State*, 169 Ga. App. 263 (1) (312 SE2d 358) (1983).

In consideration of this enumeration of error we have searched the record and find no ruling by the trial court on appellant's motions. Since appellant failed to invoke a ruling of the court as to these motions, he waived the issues for the purposes of appeal. *Dover v. State*, 250 Ga. 209, 212 (4) (296 SE2d 710) (1982). Even assuming there was a hearing on the motions and they were denied, "[w]e must assume, absent the availability to us of whatever material the trial court considered while hearing the [motions], that the court properly exercised its judgment and discretion in [denying] the motion[s] . . ." *State v. Frazier*, 141 Ga. App. 501, 502 (233 SE2d 868) (1977).

The same rules set forth in *Dover* and *Frazier*, supra, would apply to denial of appellant's motion to sever, which he enumerates as a separate error.

5. Elliott contends the trial court erred by denying his motion for a directed verdict of acquittal, because there was no evidence connecting him with the burglary charged.

The evidence disclosed that sometime between 12:30 a.m. and 2:30 a.m., October 18, 1984 T. P.'s Grocery Store was burglarized. At 1:30 a.m. the same night Glenn Swinney, a detective with the Whitfield County Sheriff's Department observed appellant and his co-defendants get out of a car parked behind a convenience store. As the

men approached the store they saw Swinney and ran back to the car, then turned around and walked into the store. Swinney observed McCutchen pull out his shirt tail and cover up some gloves in his rear pants pocket. When the men exited the store and approached their car Swinney stopped them and asked who they were, what they were doing and who owned the car. McCutchen said it was borrowed and Swinney got McCutchen's consent to search the car. Swinney first removed the gloves from McCutchen's pocket and in searching the car, found two pair of the same kind of gloves, two camouflage hats, a new billfold with the price tag on it, and a crowbar and screwdriver. A roll of quarters was found on the ground next to appellant's feet. Law enforcement officers from Murray County who heard of the apprehension in Whitfield County over the radio arrived with a list of items taken in the burglary of T. P.'s Grocery Store, and several of the items found in the car by Swinney were on the list of items stolen at T. P.'s. Subsequently, three sets of footprints were found near T. P.'s Grocery Store, and the shoes appellant was wearing at the time of his apprehension matched one set of the footprints perfectly.

We find this evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant's motion for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). Since appellant's motion for a new trial was based on the general grounds and denial of his motion to sever, it was not error to deny his motion for a new trial.

*Judgments affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 7, 1986.

*William W. Keith III, Dean B. Donehoo*, for appellant (case no. 71435).

*J. W. Yarbrough*, for appellant (case no. 71436).

*Dean B. Donehoo*, for appellant (case no. 71437).

*Jacques O. Partain III, District Attorney, Lee R. Taylor, Assistant District Attorney*, for appellee.