74399. BURSON v. THE STATE.
(359 SE2d 731)

SOGNIER, Judge.

Appellant was convicted of burglary and appeals pro se.

1. In his first two enumerations appellant asserts error in the trial court's failure to dismiss the charge on the grounds that the State failed to hold a "statutorily sufficient" preliminary hearing before a superior court judge, and the magistrate failed to grant bail as a result of "the unconstitutional O.C.G.A. 17-6-1."

OCGA § 17-7-20 provides: "Any judge of a superior or state court, judge of the probate court, magistrate, or officer of a municipality who has the criminal jurisdiction of a magistrate may hold a court of inquiry to examine into an accusation against a person legally arrested and brought before him." A preliminary hearing in this case was held by a Magistrate of DeKalb County, who had authority to hold such a hearing under the provisions of OCGA § 17-7-20. Since there is no requirement that a superior court judge conduct the preliminary hearing, appellant's assertion of error in this regard is without merit.

As to the argument that the magistrate could not grant bail, OCGA § 17-6-1 (a) provides that the offense of burglary is bailable by a court of inquiry. However, appellant has a prior conviction for burglary and under the provisions of OCGA § 17-6-1 (b) (1) (A) and 17-6-1 (b) (2), a person charged with committing a felony who has previously been convicted of burglary "shall not be entitled to or released on bail. . . ." Hence, the fact that the magistrate could not grant bail to appellant was a result of appellant's prior conviction and was not due to a "statutorily" deficient hearing. Further, appellant subsequently petitioned the Superior Court of DeKalb County requesting that he be released on bail, as authorized by OCGA § 17-6-1 (c). That court held a hearing on appellant's request and denied bail on the ground that there was a substantial likelihood that appellant would commit other crimes if released on bail. Since appellant did not meet the criteria for release set forth in OCGA § 17-6-1 (c), the trial court was not authorized to release appellant on bail.

Our Supreme Court has not ruled on the constitutionality of OCGA § 17-6-1, although it transferred this case to this court on the ground that OCGA § 17-6-1 had been held constitutional in *State v. Middlebrooks*, 236 Ga. 52 (222 SE2d 343) (1976). *Middlebrooks*, however, does not deal with the constitutionality of the bail statute; rather, it deals with the necessity of a preliminary hearing. The Court

of Appeals has no authority to determine the constitutionality of a State statute, Art. VI, Sec. VI, Par. II (1), Const. of Ga. 1983, so we cannot decide appellant's assertion that OCGA § 17-6-1, supra, is unconstitutional. Nevertheless, we can take notice that the Supreme Court of the United States has held recently that a similar provision of the Bail Reform Act of 1984 (18 USC § 3142 (e) (1982 ed., Supp. III)), which authorizes pretrial detention without bail of certain persons who might commit other crimes if released, does not violate the due process clause of the Constitution of the United States. *United States v. Salerno*, ___ U. S. ___ (Case No. 86-87, decided May 26, 1987).

2. Appellant's assertion that the indictment did not allege venue in DeKalb County is not supported by the record. The indictment was returned by the grand jury of DeKalb County and charged appellant with burglary, "for that said accused, *in the County of DeKalb and State of Georgia . . .*" unlawfully entered the residence of Charles Lowe with intent to commit a theft therein. (Emphasis supplied.) We cannot consider an enumeration of error which is not supported by the transcript. *McCutchen v. State*, 177 Ga. App. 719, 722 (3) (341 SE2d 260) (1986).

3. Appellant contends the trial court erred by failing to dismiss the charge because the trial court did not issue an order allowing appellant free access to the law library in the DeKalb County Jail at any and all times he desired such access during regular business hours. At a hearing on pretrial motions appellant stated that he had only spent two hours in the law library, and the trial court directed that appellant be allowed to go to the law library for two hours every day until trial. The trial court also directed appellant to sign a sheet showing the time he entered and departed the law library so the court would know that its order had been complied with. When appellant complained that trial was to commence the following day and he had not had sufficient time to prepare (appellant insisted on representing himself at trial), the court offered to give appellant more time, and also informed appellant that the public defender would assist appellant in his research. Appellant did not accept this offer nor did he request a continuance. Rather, he insisted that the only remedy was dismissal of the charge against him. Under such circumstances there was no error. See *Myron v. State*, 248 Ga. 120, 121 (3) (281 SE2d 600) (1981); *Donnelly v. State*, 166 Ga. App. 694 (306 SE2d 15) (1983). If there was any error, it was induced by appellant's refusal of the court's offer of additional time to prepare for trial, and induced error is impermissible. *Davis v. State*, 167 Ga. App. 701, 702 (2) (307 SE2d 272) (1983).

4. Appellant asserts error in the State's "deliberate and willful" suppression of exculpatory evidence, and argues that the charge

should have been dismissed for this reason. The alleged exculpatory evidence was the glass-louvered door through which Charles Lowe's home was entered unlawfully. Both Lowe and his brother testified that prior to the burglary, only the top louver was missing and the inside of the door was covered with plastic to keep the air-conditioned air from escaping. After the burglary a louver next to the doorknob was missing, and a hole had been poked in the plastic near the doorknob, as though a hand had been stuck through it. Because Lowe's wife refused to stay in the house until the door was fixed, Lowe had it replaced with a steel door later on in the day of the burglary. When the issue of the State's alleged unlawful suppression of exculpatory evidence arose, Lowe searched for the louver near the doorknob that was missing and found it in some bushes beside the patio; the louver was broken. It is clear from such evidence that the State did not wilfully and deliberately suppress evidence of the door since it was never in the State's possession; rather, the missing door had been replaced by Lowe with a new door the same day the burglary occurred.

The State has a duty to turn exculpatory evidence over to a criminal defendant upon request. *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215). When evidence is lost, a conviction must be reversed on a showing of bad faith or connivance on the part of the government, or a showing that the defendant was prejudiced by the loss of the evidence. *West v. State*, 251 Ga. 458, 460 (3) (306 SE2d 909) (1983). The "loss" of the entire door and the missing louver was not due to any action by the State, and there was no showing that appellant was prejudiced by the "loss." Further, the door and missing louver were not exculpatory evidence. On the contrary, if the door had been produced it would confirm testimony that entry to Lowe's house was gained by breaking the louver and poking a hole through the plastic. Such evidence is inculpatory, and the *Brady* decision deals only with exculpatory evidence. Hence, the court did not err by refusing to dismiss the charge on this ground.

5. Appellant next contends that the evidence was not sufficient to support the verdict. Stated succinctly, the evidence disclosed that Lowe returned home from work and found the side door to his home open. Lowe was carrying a pistol (legally) and as he entered his kitchen, he saw appellant come down a hall from the bedroom area toward the living room. Lowe went through his kitchen, pointed his gun at appellant and told him to "lie down or die." After Lowe repeated his order appellant laid down on the floor and Lowe called the police. When the police arrived and arrested appellant, Lowe's camera was in appellant's pocket. Appellant had no authority to enter Lowe's home and no authority to take his camera. Such evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

6. Appellant complains of the trial court's failure to compel discovery. This enumeration of error is not supported by the transcript, which shows that in response to appellant's discovery motion the court ordered the prosecuting attorney to give appellant anything in the prosecutor's file he was entitled to under the law. Additionally, the court stated it would make an in camera inspection of the file to make sure appellant received all exculpatory material contained in the file. This court cannot consider factual representations in a brief which do not appear in the record. *McCutchen,* supra. We have discussed the State's failure to produce the louvered door in Division 4 of this opinion, and in regard to appellant's request for the police officer's rough notes, he is not entitled to such notes under Georgia law. *Natson v. State,* 242 Ga. 618, 623-624 (5) (250 SE2d 420) (1978); *Wilson v. State,* 246 Ga. 62, 65 (1) (268 SE2d 895) (1980).

7. In the next three enumerations of error appellant asserts error in the court's failure to admonish the prosecuting attorney for the use of prejudicial questioning during cross-examination of appellant, prejudicial remarks during closing argument, and use of "double standards" during the trial. Appellant made no objection to the prosecutor's cross-examination of appellant or to the prosecutor's closing argument and this court will not consider questions raised for the first time on review. *Tolbert v. State,* 180 Ga. App. 703, 704 (3) (350 SE2d 51) (1986).

In regard to appellant's complaint of the prosecutor's use of "double standards," he is referring specifically to the fact that the prosecuting attorney objected to appellant's statement in closing argument as to what he "thought" normal police procedure was in burglary cases. The court suggested that appellant rephrase his statement; appellant did so and continued his argument as to what the police should have done in investigating the burglary involved in this case.

During presentation of his defense appellant testified that he had gone to Lowe's home to buy cocaine, as Lowe was a cocaine dealer. Appellant apparently argues that because the State referred in its closing argument to what narcotics officers would have done if Lowe was a cocaine dealer, the prosecutor used a "double standard" by making that statement and later objecting to appellant's argument as to police procedure in a burglary case.

The prosecutor's objection was proper, because appellant's statement as to what he *thought* proper police procedure should be was not based on the evidence, but on appellant's personal opinion as to what police procedure should be. A person cannot state his personal belief in closing argument. *Woodard v. State,* 91 Ga. App. 374 (5) (85 SE2d 723) (1955); *Keys v. State,* 156 Ga. App. 553, 554 (275 SE2d 128) (1980). Thus, appellant's claim that the State used double stan-

dards by objecting to appellant's closing argument is without merit.

8. Lastly, appellant asserts error in the trial court's failure to instruct the jury "on relevancy of evidence based upon extensive experience as a general guideline." In his brief appellant argues that the court instructed the jury on impeachment of witnesses, but did not instruct the jury that the impeachment evidence was introduced for a limited purpose. Appellant did not request such an instruction and after completing its charge to the jury the court asked appellant specifically if he had any objection to the charge. Appellant stated that he did not, thereby waiving his right to enumerate any error as to the charge given by the court. *Henry v. State*, 176 Ga. App. 462, 464 (5) (336 SE2d 588) (1985).

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs in Divisions 1, 2, 3, 4, 5, 6 and 8 and in the judgment only in Division 7.*

DECIDED JULY 13, 1987 — 

Robert F. Burson, Jr., *pro se.*

*Robert E. Wilson, District Attorney, J. Michael McDaniel, Assistant District Attorney,* for appellee.