A92A0330. TOOTLE v. THE STATE.

(417 SE2d 433)

McMURRAY, Presiding Judge.

Defendant was indicted for operating a motor vehicle after having been declared a habitual violator (Count 1) and for driving a motor vehicle while under the influence of alcohol and drugs (Count 2). The evidence adduced at the jury trial revealed the following: On February 11, 1990, defendant was stopped on Georgia Highway 121 just south of Reidsville at a Georgia State Patrol roadblock. Defendant produced a Missouri driver's license and informed Trooper Johnny Kennedy of the Georgia State Patrol that "he had [a Georgia driver's license] a long time ago." Trooper Kennedy conducted a computerized roadside check of defendant's driving record and discovered that defendant's Georgia driving privileges had been revoked because he had been declared a habitual violator under OCGA § 40-5-58.

Defendant was found guilty of operating a motor vehicle after having been declared a habitual violator and not guilty of driving a motor vehicle while under the influence of alcohol and drugs. Defendant appealed to the Supreme Court of the State of Georgia, challenging the constitutionality of OCGA § 40-5-65. The Supreme Court transferred the appeal to the Court of Appeals, stating that there is "no basis for jurisdiction in this Court. . . ." *Held:*

In his first enumeration, defendant contends the trial court erred in denying his motion in limine preventing "any witness or the District Attorney from testifying or commenting in any manner, upon the existence, substance or legal effect of OCGA Section 40-5-65." In his second enumeration, defendant contends the trial court erred in denying his motion for directed verdict on the charge that he operated a motor vehicle after having been declared a habitual violator. In his final enumeration, defendant contends the trial court erred in charging the contents of OCGA § 40-5-65, i.e., "I further charge you that any resident or nonresident whose driver's license or privilege to operate a motor vehicle in this State has been suspended or revoked, as provided by law, shall not operate a motor vehicle in this State under a license or permit issued by any other jurisdiction or otherwise, during such suspension or after such revocation, until the license

is restored, when and as permitted under Georgia law."

Defendant asserts one argument in support of the above enumerations challenging the constitutionality of OCGA § 40-5-65. At trial, defendant argued in support of his motion in limine that OCGA § 40-5-65 "is blatantly unconstitutional in that it violates the full faith and credit clause of the United States Constitution, which is . . . Article Four, Section One[, providing] that full faith and credit has to be given by every state to the public acts, records and judicial proceedings of every other state." Defendant objected to the trial court's instruction on OCGA § 40-5-65 arguing "that [the] statute is unconstitutional. . . ." On appeal, defendant contends OCGA § 40-5-65 is unconstitutional because it fails to give full faith and credit to his Missouri driving privileges and because it impairs his right to travel freely through the State of Georgia. Defendant further reasons that the legislative intent of OCGA § 40-5-65 is not to prevent out-of-state residents with valid driving privileges in other states from traveling through Georgia, but to prevent " 'sham' situations where a Georgia resident lost his license and went to another State, intending to return, only for the purpose of obtaining another license."

"The Supreme Court's refusal to review [defendant's] constitutional challenge mandates the finding that [defendant's] contentions of error on constitutional grounds are without merit. *Cassells v. Bradlee Mgt. Services*, 161 Ga. App. 325, 326 (1) (291 SE2d 48)." *Johnston v. Atlanta Humane Society*, 173 Ga. App. 416, 418 (326 SE2d 585). See *Burson v. State*, 183 Ga. App. 647 (1) (359 SE2d 731). Further, we find no grounds for reversal in defendant's enumeration of errors. First, the trial court did not err in denying defendant's motion in limine because an individual may not avoid prosecution for operating a motor vehicle in this State after having been declared a habitual violator by obtaining a valid license from another state. *Goblet v. State*, 174 Ga. App. 675 (331 SE2d 56). Second, the trial court did not err in charging OCGA § 40-5-65 as the evidence authorized such an instruction. See *Parks v. State*, 180 Ga. App. 31, 32 (5) (348 SE2d 481). Finally, evidence showing that defendant drove a motor vehicle in the State of Georgia after having been declared a habitual violator authorized the jury's finding that defendant is guilty, beyond a reasonable doubt, of operating a motor vehicle after having been declared a habitual violator in violation of OCGA § 40-5-58. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED MARCH 20, 1992.

*Stubbs & Associates, M. Francis Stubbs*, for appellant.

*Dupont K. Cheney, District Attorney*, for appellee.