A93A1730. THREATT v. THE STATE.
(440 SE2d 61)

POPE, Chief Judge.

Defendant Kimberly Threatt appealed to our Supreme Court from the superior court's order denying her motion to withdraw her guilty plea, motion for disqualification and/or recusal and motion for reconsideration. Our Supreme Court transferred this case to our court. Defendant pled guilty to cruelty to children and false reporting of a crime. On September 25, 1992, defendant abandoned her seven-month-old daughter by placing her inside a city sewer and then reported to the police that the child had been kidnapped by three strangers. The child was found the next morning by neighborhood children in stable condition.

1. Defendant first argues that the trial court erred in denying her motion to declare Uniform Superior Court Rule 33.7 unconstitutional. " 'The Supreme Court's refusal to review (defendant's) constitutional challenge mandates the finding that (defendant's) contentions of error on constitutional grounds are without merit. [Cit.]' [Cits.]" *Tootle v. State*, 203 Ga. App. 497, 498 (417 SE2d 433) (1992).

2. Defendant contends the trial judge erred in denying her motion seeking his disqualification and/or recusal. The motion was based on certain comments the trial court made during defendant's sentencing hearing on February 19, 1993. The motion was filed on March 3, 1993. Rule 25.1 of the Uniform Rules for Superior Courts requires that such motions be filed and presented to the judge not later than five days after the affiant first learns of the ground for disqualification. Defendant argues that her motion should be deemed timely because the transcript of the hearing was not available until March 1, 1993, and until it was available good cause existed for not filing the motion to recuse sooner. We do not agree. Both defendant (the affiant) and her counsel were present at the sentencing hearing and heard the comments upon which the motion was based. To hold that preparation of a transcript is good cause for delay in filing a motion for recusal would render meaningless the five-day filing requirement set forth in the rule, as transcripts would rarely be available within such a short period of time. There is no requirement that the supporting affidavit recite verbatim the comments made as long as the substantive or factual basis for the motion is made clear. The trial court correctly denied the motion as untimely. *Mills v. State*, 187 Ga. App. 79 (1) (369 SE2d 283) (1988).

3. Defendant argues the trial court erred by failing to allow her to withdraw her guilty plea. "OCGA § 17-7-93 (b) grants defendant an absolute right to withdraw a guilty plea 'before judgment is pronounced.' Orally announcing the sentence constitutes a pronouncement under that code section. *Coleman v. State*, 256 Ga. 77, 78 (1) (343 SE2d 695) (1986); *State v. Germany*, 246 Ga. 455 (271 SE2d 851) (1980). 'After pronouncement of sentence, a ruling on a motion to withdraw a plea of guilty is within the discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of discretion.' [Cit.]" *Anderson v. State*, 194 Ga. App. 395 (390 SE2d 637) (1990).

The record reveals that at the time defendant offered her guilty plea, the trial court ascertained that defendant understood the nature of the charges against her, the consequences of her guilty plea, including the constitutional rights she was waiving, and that the plea was not induced by coercion or promise but was voluntarily entered. It is also clear from the record that a negotiated plea arrangement had not been reached with the State and defendant was informed of the maximum sentence for the crimes to which she pled and she stated she understood she could be sentenced anywhere within that range of punishment.

(a) Defendant first argues that she should be allowed to withdraw her plea because when the trial judge orally announced her sentence he did not make clear the separate sentences for the felony and the misdemeanor charges to which she pled. The record reveals that when the trial court announced defendant's sentence, she lost her composure and the trial court suspended the hearing. The remedy for any alleged error in sentencing is for the defendant to be sentenced again. *Mullins v. State*, 134 Ga. App. 243 (214 SE2d 1) (1975). Such an error in sentencing does not constitute a manifest injustice requiring the trial court to set aside defendant's guilty plea.

(b) Defendant further argues that because the trial court did not announce the specific sentences for the two charges orally but set forth the sentences in written form, she was denied her right to be present during sentencing. We do not agree. On Friday, February 19, 1993, defendant pled guilty and the trial court immediately conducted her sentencing hearing. As we discussed above, the sentencing hearing was terminated because defendant lost her composure as soon as the trial court announced her sentence, and the trial court suspended the hearing at that time. On the next working day, February 22, 1993, the trial court issued the final disposition forms for each charge which showed the specific sentences imposed for the two charges to which defendant pled. Thus, the record does not support the defendant's contention that she was not present for sentencing. Furthermore, as we discussed above, the remedy for sentencing errors is for the defendant to be resentenced. There is nothing in the record

to indicate she seeks that remedy.

(c) Defendant seemingly argues manifest injustice occurred because the trial court did not inform her that she could withdraw her guilty plea any time before oral pronouncement of sentence. Defendant does not cite any authority that requires the trial court to make such an announcement nor does she allege any harm she suffered as the result. See OCGA § 17-7-93; Uniform Superior Court Rule 33. As we stated above, defendant's sentencing hearing was conducted immediately after she pled guilty. There was no indication during that hearing that defendant had changed her mind and wished to plead not guilty. Although the trial court did not specifically tell defendant she could withdraw her plea until the time he pronounced sentence, at one point during the sentencing hearing, the trial court stopped the proceedings and inquired if the defendant had considered a plea of not guilty and a plea of insanity and made it clear that he was inviting defendant to do so if she wished. Defendant's counsel responded that those options were considered but because of the sensitive nature of the case, the defendant preferred for the trial court to consider the matter. In sum, defendant has not shown and our review of the record does not reveal that the trial court abused its discretion in denying defendant's motion to withdraw her guilty plea.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JANUARY 10, 1994.

*Gary Parker, Joseph Wiley, Jr.*, for appellant.
*Douglas C. Pullen, District Attorney, Martha D. Dicus, Assistant District Attorney*, for appellee.