# Court of Appeals
# of the State of Georgia

ATLANTA, October 12, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0895. POWELL v. THE STATE.**
**A23A0897. SCOTT v. THE STATE.**

John Powell, the chief of police for the Glynn County Police Department, and Brian Scott, Powell's chief of staff, were indicted on four counts of violation of oath by a public officer. On appeal, they contend the trial court erred by denying their general demurrers because OCGA § 16-10-1, the oath of office statute, is unconstitutionally vague as applied to the facts of their cases.

The Supreme Court has exclusive jurisdiction in "all cases in which the constitutionality of a law . . . has been drawn into question[.]" Ga. Const of 1983 Art. VI, Sec. VI, Para. II (1). "[I]n order to invoke [the Supreme Court's exclusive] jurisdiction, the record must show that the trial court specifically passed on the constitutional issue." *City of Decatur v. DeKalb County,* 284 Ga. 434, 436 (1) (668 SE2d 247) (2008) (citation and punctuation omitted). The Appellants enumerate as error that OCGA § 16-10-1 is unconstitutionally vague and raised this constitutional challenge below in general demurrers. This issue was ruled on by the trial court, which held that the statute is not unconstitutionally vague. Since the record shows that the trial court specifically ruled on the constitutional issue, the Supreme Court's exclusive jurisdiction has been invoked and we "have no authority to determine the constitutionality of [OCGA § 16-10-1.]" *Burson v. State,* 183 Ga. App. 647, 648 (1) (359 SE2d 731) (1987) (citation omitted).

Accordingly, we hereby TRANSFER these cases to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
      *Clerk's Office,*
*Atlanta,*   10/12/2023

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



             *, Clerk.*