## Reddick v. The State.

Jenkins, Chief Justice. The defendant was indicted for murder. He freely and voluntarily confessed to several witnesses commission of the crime for which he was indicted. On the trial he offered no evidence and made no statement, and was found guilty without recommendation. Exception is to the order overruling a motion for new trial. No special assignments of error are made, and counsel insist only upon a review of the case on the usual general grounds. *Held:*

1. "A confession alone, uncorroborated by any other evidence shall not justify a conviction." Code, § 38-420.

(a) However, proof of the *corpus delicti* is sufficient corroboration of a free and voluntary confession. *Wimberly* v. *State*, 105 *Ga.* 188 (31 S. E. 162); *Holsenbake* v. *State*, 45 *Ga.* 43; *Daniel* v. *State*, 63 *Ga.* 339; *Paul* v. *State*, 65 *Ga.* 152; *Williams* v. *State*, 69 *Ga.* 14; *Schaefer* v. *State*, 93 *Ga.* 177 (18 S. E. 552).

(b) The essential elements in the proof of the *corpus delicti* in a case of homicide are: that the person alleged in the indictment to have been killed is actually dead; and that his death was caused or accomplished by violence, or other direct criminal agency of some other human being. *Warren* v. *State*, 153 *Ga.* 354, 361 (112 S. E. 283); *Graham* v. *State*, 183 *Ga.* 881, 886 (189 S. E. 910); 1 Whar. Cr. L. (11th ed.) § 347.

(c) Where a dead body is found with injuries apparently sufficient to cause death, under circumstances which exclude an inference of accident or suicide, the criminal agency is sufficiently shown. *Thomas* v. *State*, 67 *Ga.* 460 (6); *Langston* v. *State*, 151 *Ga.* 390, 391 (106 S. E. 903); *Taylor* v. *State*, 155 *Ga.* 785, 794 (7) (118 S. E. 675); *Sligh* v. *State*, 171 *Ga.* 92, 93 (3) (154 S. E. 799); *Graham* v. *State*, 183 *Ga.* 881, 886 (189 S. E. 910); *Pulliam* v. *State*, 196 *Ga.* 782, 786 (1) (28 S. E. 2d, 139).

2. Under the foregoing principles—where the body of a deceased was found about 150 yards from a paved highway, lying 10 or 12 feet from a truck loaded with peaches, with the back of the skull crushed, and there were indications that the throat had been cut, and evidence of several stab wounds in the back, and blood was found on the inside of the truck opposite the driver's seat, and a suitcase near the body with clothing scattered around, and a bloody hat with holes in it corresponding to holes made in the skull was lying by the body, and where the body, although badly mutilated by animals, was identified through personal papers found in the clothing in the form of letters and a driver's license, together with positive identification by the deceased's children of a ring and dentures—such evidence was sufficient to prove the corpus delicti, independently of the confession of the accused, which proof together with the confession, freely and voluntarily made, describing the manner of the homicide and the circumstances surrounding it and giving the motive therefor, and identifying the accused as the perpetrator of the crime, was sufficient to authorize conviction. In addition to this, it may be said, without detailing the gruesome particulars of the confession, that such confession was further corroborated by additional and highly indicative circumstantial evidence—such as

the physical evidence as to the wounds on the body, blood in the truck, and other circumstances indicating 'the manner in which the crime was committed,· which circumstances were precisely in accord with the statement of the accused as to how he committed the crime; an empty money belt was found where the accused said that he had thrown it; and a heavy wrench, said by the accused to have been the instrument with which the head wounds were inflicted, was found nearby. The fact that the truck was loaded with peaches, and that a bill for truck repairs, indicating the route taken, was found on the body of the deceased, also corroborated the statement of the accused as to the purpose of the trip and the routes taken; and a witness testified that, on the day following the date fixed as the date of the crime, the accused purchased an automobile from him, paying over $1900 in $100 bills, and displayed other large sums of money, which further tended to corrobate his statement giving his motive for the crime.

*Judgment affirmed. All the Justices concur.*

No. 15815. MAY 13, 1947.

*J. Millard Jackson* and *W. S. Mann*, for plaintiff in error.

*Eugene Cook, Attorney-General, Charles H. Garrett, M. H. Boyer, Solicitors-General*, and *Margaret Hartson*, contra.