## 23809. ALEXANDER v. THE STATE.

Nichols, Justice. Thomas Grover Alexander was convicted of the murder of Shirley Gaddis with a recommendation of mercy. The sole enumeration of error complains that the evidence did not authorize the verdict and that the State failed to prove the corpus delicti. The indictment charged that the murder was committed by shooting the deceased with a pistol. On the trial it was shown without dispute that the shooting took place with only the defendant and the deceased present, that the deceased was shot four times with a pistol owned by the defendant and that the defendant was shot three times with the same pistol, that the pistol was of a type that held only four bullets, that three of the bullets found in the body of the deceased were fired while the pistol was held firmly against her body, that only three empty shells were in the pistol when the defendant sought medical aid after the tragic event, that the remaining four empty shells were never found, that the deceased had accused the defendant of being the father of her illegitimate child, that the defendant had threatened her life, and that death was caused by one of the bullets completely cutting the aorta. There was also medical testimony by a physician employed by the State Crime Laboratory, with wide experience in investigating homicides and suicides, that, based upon the wounds (position, trajectory, and the pressure of the gun against the deceased's body), it was not a typical suicide. Evidence was also adduced that the defendant wrote a note after the incident in which he accused the deceased of shooting him. *Held:*

1. "It is not necessary to sustain a conviction based upon circumstantial evidence, that the evidence exclude every possibility or every inference that may be drawn from the proven facts, but only that it exclude every reasonable inference and reasonable hypothesis. *Dunson v. State,* 202 Ga. 515, 521 (43 SE2d 504) ; *Wrisper v. State,* 193 Ga. 157, 164 (17 SE2d 714) and cases cited." *Samsell v. State,* 222 Ga. 235, 238 (149 SE2d 367).

2. Corpus delicti may be proven by circumstantial evidence. See *Jester v. State,* 193 Ga. 202 (1) (17 SE2d 736).

3. "The essential elements in the proof of the corpus delicti in a case of homicide are: That the person alleged in the indict-

ment to have been killed is actually dead; and that his death was caused or accomplished by violence, or other direct criminal agency of some other human being. [Citations]. Where a dead body is found with injuries apparently sufficient to cause death, under circumstances which exclude an inference of accident or suicide, the criminal agency is sufficiently shown. [Citations]." *Reddick v. State,* 202 Ga. 209 (1b, c) (42 SE2d 742).

4. The evidence, though circumstantial, was sufficient to prove that the deceased died as a result of gunshot wounds inflicted by the defendant, and to exclude every other *reasonable* hypothesis or inference.

*Judgment affirmed. All the Justices concur.*

ARGUED DECEMBER 12, 1966—DECIDED JANUARY 5, 1967—
REHEARING DENIED JANUARY 19, 1967.

*Robert E. Andrews,* for appellant.

*Jeff C. Wayne, Solicitor General, Frank Strickland, Jr., Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, A. Joseph Nardone, Jr.,* for appellee.