### 25461. GRIFFITH v. THE STATE.

ALMAND, Chief Justice. Aaron W. Griffith was indicted for the murder of James Keheley. The indictment alleged that the murder was committed with a double-bladed axe. The defendant was found guilty, with a recommendation of mercy, and sentenced to life imprisonment.

His motion for a new trial upon the general grounds was overruled. He enumerates as error the refusal of the court to grant him a new trial on the general grounds.

On the night of November 27, 1968, defendant, deceased, and two others were in the home of the defendant drinking intoxicants. The deceased spat on the floor and the defendant told him not to do it again. When the deceased repeated the action, he and the defendant scuffled. After the fight, the defendant asked his wife to get his pistol because he was going to shoot somebody.

The defendant then went outdoors stating that he was going to find the deceased. There was no evidence of any trouble

between those present except the disagreement between the defendant and the deceased. The defendant, returning to the house, said that he could not find the deceased. The defendant and two others then drove off in a truck which was parked in the driveway and the defendant said: "We had better go back and hunt James." When they drove the truck into the circular driveway at defendant's home, the defendant told the driver of the truck that he had run over the deceased. The dead body of the deceased was found lying in the driveway.

A pathologist testified that he had conducted an examination of the body of the deceased shortly after it arrived at the hospital, and that there was a sharp head wound clearly cut through the scalp without any abrasion, tearing or bruising of the surrounding tissue. He said that in his opinion the weapon which inflicted the mortal wound was a sharp instrument.

A double-bladed axe was found in a shed on the defendant's premises. The axe had a spot of blood on it, and the laboratory analysis showed the blood was human blood. A pistol was found in the possession of the defendant which had a spot of blood on it.

The defendant, in his statement, denied that he had anything to do with the death of the deceased, and put into evidence his reputation for peacefulness. *Held:*

The contention of counsel for the defendant that the wound inflicted on the head of the deceased was caused by the truck running over him is not supported by the evidence.

Though there is no direct evidence that the defendant killed the deceased, the circumstantial evidence is sufficient to show that the cause of death under these circumstances was due to a criminal agency, and to exclude an inference of accident. *Alexander v. State,* 223 Ga. 34 (153 SE2d 431). It was also sufficient to exclude any reasonable hypothesis except the guilt of the accused, and the verdict of guilty was amply authorized. *Eason v. State,* 217 Ga. 831 (125 SE2d 488).

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 14, 1969—DECIDED DECEMBER 4, 1969.

*William E. Spence, John McGuigan,* for appellant.

*Ben F. Smith, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney Gen-*

*eral, Marion O. Gordon, Assistant Attorney General, Larry H. Evans,* for appellee.