## 28515. PEACOCK v. THE STATE.

MOBLEY, Chief Justice. Charles J. Peacock was convicted of the murder of Kenneth Spivey, also known as "Rabbit," and his sentence was fixed at life imprisonment. In his appeal to this court two issues are involved in the consideration of the errors he enumerates, whether the corpus delicti was established, and whether there was sufficient participation by the appellant in the crime to constitute him a principal.

1. "The essential elements in the proof of the corpus delicti in a case of homicide are: that the person alleged in the indictment to have been killed is actually dead; and that his death was caused or accomplished by violence, or other direct criminal agency of some other human being. . . Where a dead body is found with injuries apparently sufficient to cause death, under circumstances which exclude an inference of accident or suicide, the criminal agency is sufficiently shown." *Reddick v. State,* 202 Ga. 209 (1b, c) (42 SE2d 742). The corpus delicti may be proved by circumstantial evidence. *Wrisper v. State,* 193 Ga. 157 (17 SE2d 714); *Jester v. State,* 193 Ga. 202 (1) (17 SE2d 736); *Alexander v. State,* 223 Ga. 34 (2) (153 SE2d 431).

It is unrefuted, and in fact the appellant confirms in his testimony, that Kenneth Spivey was shot twice in the head on October 22, 1972, at a location on the Ocmulgee River in Bibb County, and

his body put in an eddy in the river where the water is trapped and the current does not flow. He was not seen in life again by his roommate. On October 26, 1972, a corpse was discovered by a canoeist in the same location in the river. After recovery from the river, examination revealed two bullet holes in the head of the corpse, one hole behind each ear of the skull. Bullet fragments were found in the brain of the corpse, which could have caused death. Death was attributable to no cause other than the gunshot wounds in the head. Both Spivey in life, and the corpse in death, had long, blond hair. The shooting in the head of Kenneth Spivey, and the dumping of his body in the river, where a corpse with like wounds and hair is recovered four days later, sufficiently established the death of the victim named in the indictment. That death was by violence is established by the gunshot wounds. The presence of two bullet holes in the head of the deceased, carefully placed behind the ears, are circumstances which exclude an inference of accident or suicide.

We conclude that the corpus delicti of the homicide of Kenneth Spivey was established. The trial court did not err in overruling the appellant's motion for directed verdict of acquittal on the ground that corpus delicti of the homicide had not been proved.

2. The evidence showed that: About noon on October 22, 1972, a group of young Bibb County residents, including the appellant, went to a Jones County trailer park and attempted to buy drugs. They were unsuccessful, but agreed to try again that night. The group gathered together again that night, consisting of the appellant, Gary Sorells and James Salter, co-indictees, Danny Thurston, and Linda Carter. The appellant and Sorells wanted to get a gun to rob Gene Hall (with whom Spivey lived in a trailer), to get his drugs and amplifiers and to retrieve the appellant's guitar, previously left with Spivey. Sorells obtained a gun from Murray McLean, and the appellant obtained a gun from his father's house. The appellant gave Sorells three of the six bullets his gun contained. The guns took the same sized bullets. Sorells fired one shot at a roadside sign as they drove along. They proceeded to a trailer park and picked up Spivey, who had a guitar with him. Spivey obtained three grams of drugs for the group and they went to a point near the river, after obtaining some water to use in a needle with the drugs. Salter, Spivey, the appellant, and Sorells went to the river, where all used the needle. The last to do so was Salter. The appellant held his arm, while Spivey shot the drug in his arm. As Spivey pulled

the needle from Salter's arm, a shot was fired and Spivey fell to the ground. Salter saw Sorells standing with a pistol in his hand, and saw him fire a second shot as Spivey was lying on his face on the ground. Salter saw the flash of three other shots fired off to his left. Other witnesses heard five shots. All but Spivey returned to the car. After a short interval Sorells and the appellant returned to the river bank where, in the words of the appellant, "We took Rabbit by his boots and drug him up to the edge of the water and slid him in feet first." After a body was reported in a newspaper to be found, the appellant told an acquaintance that Sorells had shot the boy in the head twice and then Sorells handed him the gun and he shot him five times in the stomach.

We are compelled to the conclusion that the evidence showed sufficient participation by the appellant in the crime to constitute him a principal. Accordingly, the trial court did not err in overruling the general grounds of the appellant's motion for a new trial.

3. The appellant asserts that the court erred in allowing into evidence, over objection of the appellant, photographs of the body which was recovered from the river. The photographs were relevant to the contested issues in the case, the proof of the corpus delicti, and whether the body was that of the alleged victim, Kenneth Spivey. The trial court did not err in admitting these challenged exhibits in evidence.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 14, 1973 — DECIDED JANUARY 28, 1974.

*Evans, Dozier, Mann & Wingate, Tommy C. Mann,* for appellant.
*Fred Hasty, District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Michael Dyer, Deputy Assistant Attorney General,* for appellee.