## 60031. DAVIS v. THE STATE.

SOGNIER, Judge.

Davis was convicted in the Superior Court of Clayton County of armed robbery and attempted aggravated sodomy. On appeal Davis contends the trial court erred (1) by denying his motion to suppress evidence; (2) by denying his motion to suppress evidence of pretrial and in-court identifications; and (3) by charging the jury that a person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but such a presumption may be rebutted.

1. The evidence appellant sought to suppress was his fingerprints (palm print), a photograph, hair, saliva, urine and a blood sample. The last four items were obtained as a result of two search warrants, but the state stipulated that it would not introduce evidence obtained as a result of the search warrants, and in fact, such evidence was not offered or admitted into evidence. The fingerprint was obtained by police after appellant's arrest, and the photograph objected to was a copy of his driver's license photograph obtained from the Department of Public Safety by a police detective. A motion to suppress evidence illegally seized must be based on evidence obtained as a result of an unlawful search and seizure. Code Ann. § 27-313. Since the evidence appellant sought to suppress was not obtained as a result of an unlawful search and seizure, there is no basis for the motion to suppress. Further, Code Ann. § 68B-215 (d) authorizes the Department of Public Safety to provide a copy of any driver's license to any law enforcement agency; thus, the photograph was obtained lawfully.

As to the fingerprint, appellant was under arrest at the time his fingerprints were taken. However, appellant contends he was arrested without probable cause and therefore, the police were not authorized to take his fingerprints. Appellant was arrested pursuant to a warrant, and probable cause is not required for issuance of the

arrest warrant. All that is required for issuance of an arrest warrant is an affidavit stating the offense; the time, date and place of occurrence of said offense; the person against whom such offense was committed; and a statement describing the offense (or offenses). Code Ann. §§ 27-103, 27-103.1, 27-104. *Anglin v. State,* 244 Ga. 1, 2 (2) (257 SE2d 513) (1979). Appellant has presented no evidence or referred us to any evidence, and we find none in the record, indicating that the arrest warrant was not issued properly. Accordingly, Enumeration I is without merit.

2. Appellant made a motion to suppress evidence of pretrial and in-court identifications made by the victim of the offenses, or a motion to quash such evidence. The evidence discloses that the victim of these offenses was shown two groups of photographs; the first did not include appellant's photograph and the victim identified no one. The second group of photographs included appellant's photograph and the victim tentatively identified appellant. Subsequently, an actual lineup was conducted and the appellant was identified positively by the victim; she also positively identified appellant in open court. There is nothing to indicate that the pretrial identification procedures were impermissibly suggestive, and appellant has cited no such testimony or evidence. His first argument is based on his allegedly unlawful arrest; however, we held in Division 1 that the arrest was not unlawful. Appellant's other argument is that his counsel was not present at the actual lineup and therefore, the evidence relating to his identification was not admissible. The lineup was held on May 18, 1979 and accused was indicted on June 22, 1979. Thus, this was a pre-indictment lineup and there is no constitutional right to counsel at a pre-indictment lineup. Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411) (1972); *Mitchell v. State,* 236 Ga. 251, 255 (223 SE2d 650) (1976). Accord: *Burgess v. State,* 242 Ga. 889, 891 (3) (252 SE2d 391) (1979). Accordingly, this enumeration is without merit.

3. Enumeration III has been decided adversely to appellant. *Skrine v. State,* 244 Ga. 520 (260 SE2d 900) (1979).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

Submitted June 2, 1980 — Decided September 2, 1980.

*Clarence L. Leathers, Jr., J. W. Claxton,* for appellant.
*Robert E. Keller, District Attorney, Jack B. Wimbish, Assistant District Attorney,* for appellee.