## 39940. WEST v. THE STATE.

CLARKE, Justice.

West was indicted in Early County for the murder of Jerry Lester and for aggravated assault on Mose Freeman. A jury convicted him on both counts; he received a life sentence on the murder count and ten years on the aggravated assault to run concurrently. In this appeal he raises the sufficiency of the evidence as to each element of the crime of murder under Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the sufficiency of proof of the corpus delicti, and the inability of the state to produce exculpatory evidence which was demanded under Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). We find no error and affirm.

1. West and the victims, Lester and Freeman, all of whom had been acquainted for a number of years, were in the Lion's Den in Blakely, Georgia, during the early morning hours. The injury to Freeman and death of Lester occurred after an argument over spilled beer. After some words, Lester admitted knocking over West's beer and Freeman eventually offered to buy another for him. West explains his refusal of this offer by saying Freeman had only fifteen cents at the time.

During the continuing discussion, West was told that Freeman had a knife, and a defense witness testified that Freeman slipped a knife onto the bar stool of Lester. Other witnesses, both for the defense and the state, testified that they saw no knife. West obtained a pistol from another bar patron. Freeman testified that he did not have a knife.

When challenged by West regarding a knife, Freeman raised his hands and stated he wanted to forget the whole thing. There was evidence that West then raised the pistol, shooting Freeman twice. At that point Lester ran toward the dance floor and was struck by bullets from West's gun. Other patrons of the bar were also hit by gunfire. According to West, even though Freeman denied having a knife, he saw a knife on the stool next to Lester and pointed it out to Freeman. West stated that Freeman then started to reach for the knife and he then pushed Freeman at which point Lester tried to grab him. He then fired at Freeman and Lester. There was no other evidence that either of the victims threatened West in any way.

West contends that the evidence does not support a verdict of murder because malice was not shown, due to evidence of provocation and/or self-defense. Malice is an element of the offense of murder, OCGA § 16-5-1 (Code Ann. § 26-1101), and must be proved beyond a reasonable doubt. Davis v. State, 237 Ga. 279(2) (227 SE2d 249) (1976). The evidence as to provocation and self-defense was in

dispute and properly submitted to the jury to determine if the killing of Lester was with malice, express or implied. *Blair v. State,* 245 Ga. 611 (266 SE2d 214) (1980). Reviewing the facts and circumstances, we find the evidence of malice was sufficient to meet the test of Jackson v. Virginia.

2. West next contends that there was insufficient evidence that the gunshot wounds inflicted upon Lester caused his death. Lester was first taken to the hospital emergency room in Early County where he was examined by Dr. Crowdis. Dr. Crowdis testified that the victim was in shock and was suffering from a bullet wound which had entered the rear portion of his body and expanded in the abdomen. He was sent to Dothan, Alabama for surgery where he died at some time during the day. The body was returned and on the same day Dr. Crowdis removed two bullets from the victim. One had entered at the arm and lodged in his chest. The other entrance wound was near the right hip and the bullet was lodged in the iliac bone to the left of the abdominal region. Dr. Crowdis stated that in his opinion death was caused by gunshot wounds. He did not perform an autopsy when he removed the bullets to check the path of the bullets or to inquire into other causes of death. On cross-examination he admitted his conclusion as to cause of death was based upon information obtained from the surgeon at the Dothan hospital. The coroner was present when the bullets were removed. He testified that the path of the bullet passed through about six lengths of intestines and through the stomach.

The appellant contends that since neither Dr. Crowdis nor the coroner performed an autopsy and the extent of their role was only to remove bullets, the state has failed to carry the burden of proving death by gunshot wound as alleged in the indictment. Corpus delicti and cause of death may be proved by circumstantial evidence. *Alexander v. State,* 223 Ga. 34 (153 SE2d 431) (1967). We do not agree with the appellant's contention that the state has failed to show that the death was not due to natural causes, accidental or by the acts of the deceased as required by *Alexander,* supra. The evidence as to death by criminal means and death by gunshot wounds inflicted by West meets the test as discussed in *Redfield v. State,* 240 Ga. 460 (241 SE2d 217) (1978).

3. West contends that his conviction must be reversed due to a due process violation as embodied in Brady v. Maryland, supra. The defense had made a motion under Brady for the production of a knife which has been turned over to the Blakely Police Department at the hospital emergency room after the shootings. The state acknowledged that a knife was turned over to Officer Middleton of the police department and had been lost.

West testified that immediately after the shooting he picked up the knife on Lester's bar stool. A friend of his, Bubba Troup, had also been injured in the shooting and West put the knife in Troup's car and drove him to the hospital. He had no further knowledge of what happened to the knife. Linda Troup, Bubba's wife, rode in the car to the hospital and testified that her brother gave the knife in the car to a security guard at the emergency room. The guard gave the knife to Officer Allen. Allen turned the knife over to Officer Middleton. Middleton stated that he put the knife in a drawer at the police department. At the pretrial hearing on the Brady motion, Middleton informed defense counsel that the knife was at the department in a cabinet. It was then discovered the knife was missing. Middleton admitted that the usual process of logging in evidence and placing it in the evidence locker had not been followed.

West argues that the knife was material exculpatory evidence and the state's inability to produce it resulted in prejudice to his case which denied him due process and a fair trial. Although witnesses testified that they saw a knife or heard other witnesses state that the victims had a knife, West contends the knife itself would be the best evidence of its existence and would have aided defense counsel in questioning the witnesses.

To be subject to production under Brady, the evidence sought must be material and favorable to the accused. *Stevens v. State,* 242 Ga. 34 (247 SE2d 838) (1978). In *Young v. State,* 243 Ga. 546 (255 SE2d 20) (1979), the appellant contended that lost physical evidence was necessary to prove self-defense and the state's failure to provide the evidence amounted to a violation of due process. We held that there is no due process violation where the evidence lost is cumulative.

Here we have oral testimony as to the existence of a knife. No one testified that West was ever threatened with the knife and West testified the knife was on a stool, not in the hands of either victim when he fired. Appellant relies on the language in United States v. Heiden, 508 F2d 898 (9th Cir. 1974), that a conviction must be reversed when evidence is lost on a showing of "(1) bad faith or connivance on the part of the government or (2) that he was prejudiced by the loss of the evidence." Heiden at 902. In a later opinion the Ninth Circuit stated that the prejudice as used in Heiden "means serious impairment of the accused's ability to present his defense." United States v. Hawk, 628 F2d 1139, 1153, n. 3. (9th Cir. 1980).

The knife in question was lost by inadvertence. The jury had evidence before it from West that he had left it in the car and someone had turned a knife over to the police through the security guard and it

was later lost. We hold that the inability of the state to produce the knife itself did not prejudice the appellant to the extent that he was denied a fair trial.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1983.

*Rentz & Shepard, Ronald H. Rentz,* for appellant.

*Charles M. Ferguson, District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.