70111. PITTMAN v. THE STATE.
(332 SE2d 356)

SOGNIER, Judge.

Marilyn Pittman appeals her conviction of two counts of theft by taking government checks.

1. Appellant contends the trial court erred by denying her request to charge on "mere presence" at the scene of the crime, as this was her sole defense.

The evidence disclosed that government checks were stolen from the mailboxes of Joe Miller and Ida Spivey. Sherri Armstrong, a co-accused, testified that she, appellant and two other persons stole the checks in question and cashed one of them at a store. Appellant, while attempting to cash the stolen checks, endorsed at least one of the checks and after her arrest, made a written confession admitting that she stole the checks. Appellant did not testify and presented no

defense evidence. Thus, there was no issue raised as to mere presence at the scene of the crime, and the trial court did not err by refusing to give appellant's requested charge on that issue, because it was not authorized by the evidence. *Young v. State*, 163 Ga. App. 507, 508 (3) (295 SE2d 175) (1982); *Gunter v. State*, 155 Ga. App. 176, 177 (3) (270 SE2d 224) (1980).

2. Appellant contends error in the court's refusal to require the State to produce a tape recorded statement of Sherri Armstrong for use by appellant in cross-examination of Anderson. Prior to trial appellant filed a written motion for production of tape recordings and written statements made by State witnesses which might tend to cast doubt on or impeach State witnesses, or was inconsistent with expected testimony of the witnesses. The State answered the motion by stating it had furnished defendant with a copy of her statement, and had furnished all information (from the prosecutor's file) to which defendant was entitled.

On cross-examination Armstrong testified that she had given a tape recorded statement to a police officer whose name she did not recall. Appellant then requested that the State be required to produce the tape recorded statement for purposes of cross-examination of Armstrong. The prosecuting attorney stated that the District Attorney's office had no tape recording and had never had such a tape.

Since the State had no tape recorded statement of Armstrong and was unaware of such a tape, there could be no error in failing to require the State to produce something it did not possess. Even if such a statement existed, the statements of witnesses in a prosecutor's file (nothing more appearing) may not be reached by OCGA § 24-10-26 (formerly Code Ann. § 38-801 (g)), relating to a notice to produce. *Stevens v. State*, 242 Ga. 34, 37 (1) (247 SE2d 838) (1978); *Hill v. State*, 161 Ga. App. 346, 347 (3) (287 SE2d 779) (1982).

3. Appellant contends the trial court erred by denying her motion to suppress statements obtained as a result of her illegal arrest. Appellant argues that because the affidavits in support of two warrants for her arrest did not show probable cause for issuance of the warrants her arrest was illegal; thus, argues appellant, her statements were "fruit of the poisonous tree" and inadmissible in evidence. This contention is without merit, as probable cause is not required for issuance of an arrest warrant. *Davis v. State*, 155 Ga. App. 511-512 (1) (271 SE2d 648) (1980). All that is required for issuance of an arrest warrant is an affidavit stating the offense; the person against whom such offense was committed; and a statement describing the offense (or offenses). OCGA § 17-4-41; *Anglin v. State*, 244 Ga. 1, 2 (2) (257 SE2d 513) (1979). Since the affidavits met all of the above requirements, it was not error to deny appellant's motion to suppress.

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs*

*in Divisions 1 and 2 and in the judgment.*

DECIDED JUNE 5, 1985.

*Celia Larsen*, for appellant.
*Beverly B. Hayes, District Attorney, Harold D. McLendon, Assistant District Attorney*, for appellee.