75058. MITCHELL v. THE STATE.
(361 SE2d 51)

BANKE, Presiding Judge.

The appellant was convicted of possession of marijuana with intent to distribute. On appeal, it is contended that the court erred in allowing one of the arresting officers to relate to the jury the contents of an electronically monitored conversation which had transpired between the appellant and an undercover agent immediately prior to the appellant's arrest. The appellant objected to the testimony on the ground that the officers had made a tape recording of the conversation which they had been unable to produce in response to a pre-trial discovery motion served on the state pursuant to *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1983).

The undercover agent, wired by the arresting officers with a "body bug" (i.e., hidden transmitter), had approached the appellant in a pool hall seeking to purchase marijuana from him. Immediately thereafter, the appellant and the undercover agent left the pool hall and entered a nearby automobile. Based on statements subsequently overheard and recorded by the officers by means of the body bug indicating to them that a drug sale was in progress, the officers approached the vehicle at this time to make an arrest. A brown paper bag containing 3.89 ounces of marijuana was seized from the floorboard of the vehicle at the time of the arrest. Because the undercover agent (whose identity was not concealed by the state) was not called as a witness by either side and because the arresting officers were unable to account for the tape recording, the officers' testimony constituted the only evidence regarding the contents of the electronically monitored conversation between the appellant and the undercover agent. *Held*:

Since it is undisputed that the state's attorney never had the tape in his possession, and since the arresting officers did not know the whereabouts of the tape, it obviously was not within the state's power to produce it. It has been held that "there could be no error in failing to require the State to produce something it did not possess." *Pittman v. State*, 175 Ga. App. 50 (2), 51 (332 SE2d 356) (1985). See

also *West v. State*, 251 Ga. 458 (3) (306 SE2d 909) (1983). Moreover, in order for a defendant to prevail on a contention that his due process rights were violated as a result of the suppression by the prosecution of evidence favorable to him, he is required to show both that the evidence was material and that it was in fact favorable to him. *Stevens v. State*, 242 Ga. 34, 36 (247 SE2d 838) (1978). In the present case, the appellant did not himself offer any testimony indicating that the arresting officers' account of his conversation with the undercover agent was inaccurate, nor did he otherwise suggest how the tape recording might have benefited him. It follows that he established no due process violation. Additionally, we note that the appellant objected to the testimony of only one of the two arresting officers. In fact, he called the second officer as his own witness. Since the second officer offered substantially the same account of the conversation as the first, it follows that any error committed by the trial court in admitting the first officer's testimony must be considered harmless.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED SEPTEMBER 10, 1987.

*Albert B. Wallace*, for appellant.

*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney*, for appellee.