## 77401. BENFORD v. THE STATE.
(377 SE2d 530)

BEASLEY, Judge.

Defendant, convicted of burglary with intent to commit rape, OCGA § 16-7-1 (a), and aggravated assault, OCGA § 16-5-21 (a) (1),

appeals.

The charged crimes occurred on August 2, 1983, when a man entered the victim's house by an unlocked back door and attempted to rape her.

Defendant was arrested nearby within minutes, carrying a brown paper sack and wearing clothing as described by the victim. He was then taken to the victim's house where she positively identified him as her assailant. She also identified him at trial.

Defendant was originally tried for these crimes in February 1984, in a non-jury trial which was apparently not taken down.

Thereafter, the attorney who represented him was disbarred and defendant's request for habeas corpus relief was granted, resulting in the trial here appealed.

1. The victim was sitting on her front porch when she saw a man walk by her house carrying a brown paper sack. A few minutes later, her grandson came out of the house and told her there was a man in the house going through her purse. When she went to investigate, she saw a brown paper bag sitting on the pool table. As she walked by the table, she saw the man who then assaulted her, attempting to get her underwear off. She struggled with him for several minutes, during which he hit her in the mouth, loosening several of her teeth. Her grandson went to get her daughter-in-law who lived nearby. The assailant left by the back door when he heard her coming. She saw a man climbing over the back fence.

The victim's husband, who had been asleep elsewhere in the house, called the police. A description was broadcast and Officer Lawson, patrolling about a half mile from the crime scene, saw defendant walking down the street carrying a brown sack and looking over his shoulder. She picked him up and took him to the scene where he was identified.

Prior to their arrival, the victim found in the area of the struggle "three or four buttons." She stated that she knew they had not been there before because she kept her small granddaughter and always kept the floor clean because the child played on it.

The victim recalled giving the buttons to Officer Lawson. Lawson recalled that there were "buttons" missing from the suspect's shirt and the shirt appeared to have been torn. She later stated that "a button" was missing. She did not recall receiving the buttons from the victim, but stated that if she had, she would have turned them over to the investigating officer who was with the victim at the house.

Defendant filed a motion seeking any exculpatory material, i.e., a *Brady* motion, and a request for discovery seeking "[a] detailed description of all physical items which the State anticipates using in the trial of the Defendant and the exact place where and under whose custody such items are being held."

Prior to trial, defendant made an oral motion in limine seeking to exclude testimony concerning the button or buttons and the torn shirt. The basis for the motion was that a critical element of the defense was comparing the button and the shirt worn by defendant to show that they did not match. Also, defendant urged that the prejudicial value of the testimony was "just too great without the defense having an opportunity to inspect the shirt and button."

After the court denied this motion and heard evidence concerning the showup, defendant made another oral motion that all testimony concerning the lunch bag be excluded, on the same ground.

It is unclear which, if any, of these physical items were introduced at the first trial. What is clear is that all of these items had disappeared in the years between the first and second trial and were not available to either side during this trial.

An objection that evidence is "prejudicial" to a party is too vague and general to present any question for determination by the trial court. *Sultenfuss v. State*, 185 Ga. App. 47, 49 (4) (363 SE2d 337) (1987). Of course, any evidence which goes to prove a defendant's guilt is prejudicial to him, but that will not make that evidence inadmissible.

To the extent that defendant challenged the testimony on the ground that the State's failure to produce the items due to their loss amounted to a *Brady* violation, it will be considered. See *State v. Johnson*, 249 Ga. 413, 415 (3) (291 SE2d 543) (1982).

The lower federal court cases cited here are not binding on this court unless adopted by it. *Head v. State*, 253 Ga. 429, 430 (1) (322 SE2d 228) (1984); *Felker v. State*, 252 Ga. 351, 361 (1 b) (314 SE2d 621) (1984). It is not necessary to consider the persuasiveness of the cited federal cases since our courts have also ruled on the issue presented.

When a due process violation is claimed under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), it is necessary that the defendant indicate the materiality and the favorable nature of the evidence. "The '[d]efendant . . . has the burden of showing that the evidence withheld from him so impaired his defense that he was denied a fair trial within the meaning of the *Brady* Rule.' [Cit.]" *Wallin v. State*, 248 Ga. 29, 33 (279 SE2d 687) (1981); *Stevens v. State*, 242 Ga. 34, 36 (1) (247 SE2d 838) (1978); *Potts v. State*, 241 Ga. 67, 74 (5) (243 SE2d 510) (1978).

There was no showing that the evidence sought was favorable. To the contrary, during argument on the motion in limine, defendant acknowledged through counsel that the evidence could have been inculpatory. Defendant has failed to show a *Brady* violation.

Although the record is not clear as to the whereabouts of the button, shirt, and bag, even when evidence is lost a conviction need be

overturned only on a "showing of bad faith or connivance on the part of the government, or a showing that the defendant was prejudiced by the loss of the evidence. *West v. State*, 251 Ga. 458, 460 (3) (306 SE2d 909) (1983)." *Burson v. State*, 183 Ga. App. 647, 649 (4) (359 SE2d 731) (1987). Defendant, who was wearing the shirt when arrested, offered no testimony to show that only one button was missing from his shirt but more than one was tendered to the officer, or that the buttons did not match his shirt, or that no buttons were missing. Nor was the investigating officer called as a witness. *Mitchell v. State*, 184 Ga. App. 181, 182 (361 SE2d 51) (1987).

There was no error.

2. Defendant also urges that the trial court erred in "the denial of a new trial" on the general grounds. The record reflects no motion for new trial below, leaving nothing for us to review in this regard. We have, however, reviewed the evidence under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) and it is sufficient.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 3, 1989.

*Carl Greenberg*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Robert E. Houman, Assistant District Attorneys*, for appellee.