A90A1168. GOLDEN v. GEORGIA BUREAU OF
INVESTIGATION.
(400 SE2d 668)

POPE, Judge.

We granted this discretionary appeal to consider whether the trial court correctly denied appellant Don C. Golden's application to present additional evidence pursuant to OCGA § 50-13-19 (f) and whether there was sufficient evidence to support Golden's termination by appellee Georgia Bureau of Investigation (GBI). Golden was terminated by the GBI in April 1986 as a result of his conduct in connection with a traffic accident in Rockdale County on February 25, 1986. The termination was upheld in an initial decision by a hearing officer of the State Personnel Board; that decision was affirmed by the State Personnel Board on November 19, 1986. Golden filed his appeal with the superior court on December 18, 1986. The superior court affirmed the termination in an order entered December 21, 1989. We then granted this discretionary appeal.

The record shows that Golden was employed as a GBI agent. On the evening of February 25, 1986, Golden met other GBI agents at a bar in downtown Atlanta. He stayed there from 6:00 p.m. until approximately 10:00 p.m. Driving a State of Georgia vehicle, Golden left the bar to go home. As he drove on I-20, proceeding east, Golden's car ran into the rear of a car driven by Charles S. Dyer. Dyer testified that he was travelling about 55 miles per hour when he was hit. Dyer's car spun around and flipped over, coming to rest on an em-

bankment. Upon stopping, Golden did not go to Dyer's car to check on him or to give aid. Instead, he stood behind Dyer's car and urinated on the ground. When Officer Nally of the Rockdale Sheriff's Department asked Golden for his license, Golden told him it was in the car and that he was a GBI agent. Nally found a license in the name of Don Canary (this was a fake license used by Golden in undercover work); Nally asked Golden if he were Canary and Golden indicated yes. Officers Nally and Claborn and State Trooper Hays all were at the scene and observed Golden. All testified that he had a strong odor of alcohol about him and that he appeared intoxicated. Emergency Medical Technician Diane Irvin tried to treat Golden at the scene and on the way to the hospital. She testified that his actions were consistent with someone who had a head injury or who was drunk. State Trooper Hays and GBI agents House and Ingram each saw a glass and melting ice cubes and spilled liquid that smelled of alcohol in Golden's car. At the hospital, House and Ingram observed Golden. Each said he had a strong odor of alcohol about him and each testified that he was very intoxicated. At the hospital, Golden told House that he did not have the whole picture, that there were other cars involved in the accident. The booking officer at the Rockdale County Jail described Golden as still smelling of alcohol and appearing intoxicated at 2:05 a.m. Golden refused to take any blood test or to take any intoximeter test. He posted bond of $1,200 with State of Georgia funds in his possession for use in connection with undercover work. These funds are called PEPI funds in the record. Later, Golden lied to his superior about using these funds to post bond.

The hearing officer found that in 1983 Golden was issued a written reprimand by then Director, Investigative Division, Robbie Hamrick (now Director of the GBI) for conduct involving drinking and the use of a state vehicle. In the reprimand, Hamrick informed Golden, "if I receive any other complaints concerning your drinking and operating a State vehicle, while drinking and identifying yourself as a GBI Agent or generally harassing other police officers, I will do everything possible to see that you are terminated from this Bureau." In a detailed 21-page order including findings of fact and conclusions of law, the hearing officer found that the evidence supported Golden's termination for driving a state vehicle while he was intoxicated, urinating in public, falsely identifying himself to law enforcement officers at the scene of the accident, using state funds to post bail and lying to superiors about the accident and about using state funds for posting bail. The hearing officer specifically considered and rejected Golden's argument that his actions after the accident were caused by a head injury and not by intoxication. The hearing officer also considered Golden's argument that the GBI improperly disposed of the vehicle Golden was driving, preventing him from examining it to determine if

the accident was caused by an electrical malfunction with the car's lights. The hearing officer found the issue of the car inspection irrelevant because even if events happened as Golden said, his actions were negligent and exhibited poor judgment and caused the accident. Golden testified that the lights went out on his vehicle and as he bent down to see if the wiring was loose, he struck Dyer's car.

1. Golden argues that the superior court erred in denying his application for leave to present additional evidence pursuant to OCGA § 50-13-19 (f). Golden argues that he should be allowed to introduce the following additional evidence discovered in the course of subsequent litigation involving the GBI: (1) Statements by GBI agents Maryman and Neely and FBI agents Kennedy and Burke taken by GBI agent Hallman in connection with the GBI's internal investigation. The statements are to the effect that Golden was seen by these men at the bar as late as 9:00 p.m. and that Golden was not intoxicated then; (2) a statement from Dyer, the driver of the vehicle struck by Golden's vehicle that it appeared as if the lights on Golden's vehicle came on suddenly; (3) a repair report for the vehicle driven by Golden indicating that the dash lights had been repaired shortly before the accident; (4) a statement from Emergency Medical Technician Irvin that Golden's behavior in the ambulance was consistent with either a head injury or a drunk; (5) a medical record from the emergency room containing follow-up instructions for Golden with the instructions for head injuries circled. Golden also argues that the entire termination proceeding should be overturned and he should be reinstated because the GBI disposed of the vehicle involved.

OCGA § 50-13-19. (f) establishes a two-prong test that must be met before a superior court can grant an application for leave to present additional evidence. The evidence sought to be introduced must be material, and good reason for failure to present such evidence at the hearing must be shown. The superior court did not err in this case because in each instance the evidence either is not material, or was or could have been introduced at the hearing. The statements of the other agents at the bar the night of the accident to the effect that Golden was sober as late as 9:00 p.m. are clearly cumulative of testimony produced by Golden through other witnesses who saw him at the bar; those witnesses also could have been subpoenaed to testify at the hearing. The statement of EMT Irvin regarding a possible head injury adds nothing to her testimony at the hearing. Golden had ample opportunity to cross-examine her, and did, on her opinion of his condition the night of the accident. Similarly, Dyer testified at the hearing and was subject to cross-examination by Golden. Regarding the instruction sheet from the hospital, Golden could have subpoenaed the medical staff from the emergency room in which he was treated to testify about any head injury he may have suffered; how-

ever, he did not. He offers no excuse for this failure. Finally, we are not persuaded that the record regarding the repair of the vehicle is material. The hearing officer made a finding that even if Golden's story of failure of the lights on the vehicle is taken as truth, it does not absolve Golden of responsibility for the accident or for his actions after the accident. Implicit in Golden's argument seems to be the belief that if the initial accident is found to result from electrical problems on his car, the remaining testimony of no less than six law enforcement officers that he was intoxicated will disappear. At the hearing, Golden made a motion to the hearing officer that the proceeding be dropped because the GBI had disposed of the vehicle and deprived him of his rights. The hearing officer ruled that the vehicle did not appear relevant, but if at the conclusion of the hearing Golden felt the vehicle was relevant, he could renew his motion. Golden did not. Testimony was presented that the car had been relinquished by the GBI to the Department of Administrative Services as surplus property and that it was sold to a church group. In spite of evidence of the location of the car, Golden did not request time to inspect the car or ask the hearing officer to take any other action with regard to the car.

There is sufficient evidence in the record to support each of the findings of the hearing officer and his conclusion that the GBI was justified in terminating Golden. The superior court did not err in denying the application for leave to produce additional evidence.

2. Golden argues that the superior court erred in refusing to apply the principle of *Wills v. Composite State Bd. of Medical Examiners*, 259 Ga. 549 (3) (384 SE2d 636) (1989). In *Wills*, the Supreme Court held that a licensee facing revocation of his license had the right to ask the Board to provide him with any exculpatory material in its files relative to the formal complaint and the Board must furnish such material in the same manner as prescribed in *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). Assuming, without deciding, that *Wills* applies in the present case, Golden is not entitled to a reversal because he has not shown any prejudice in the failure of the State Personnel Board to provide him with the evidence he says was withheld. "To be subject to production under *Brady*, the evidence sought must be material and favorable. . . ." *West v. State*, 251 Ga. 458, 460 (306 SE2d 909) (1983). *Brady* applies to information known to the state but unknown to the defense. *White v. State*, 255 Ga. 210 (4) (336 SE2d 777) (1985). As discussed in Division 1, we find that the evidence sought was either immaterial, cumulative of other evidence, or known to or within Golden's power to produce. Therefore, we find no error.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

Decided December 4, 1990 —
Rehearing denied December 18, 1990 — 

*Jones, Morrison & Womack, William A. Morrison,* for appellant.
*Michael J. Bowers, Attorney General, William B. Hill, Jr., Deputy Attorney General, Mark H. Cohen, Senior Assistant Attorney General,* for appellee.