A02A2056. JONES v. THE STATE.
(574 SE2d 359)

JOHNSON, Presiding Judge.

A jury found Ronald Edward Jones guilty of vandalism of a place of worship. In his sole enumeration of error, Jones contends the trial court erred in denying his motion in limine and allowing testimony referencing paint seen on his clothing and shoes. We find no error and affirm Jones' conviction.

In cases involving the review of the grant or denial of a motion in limine, we must construe the evidence most favorably to uphold the findings and judgment of the trial court.[1] "It is the trial court's duty to resolve conflicts in the evidence, and its findings of credibility and fact will not be disturbed on appeal unless they are clearly erroneous."[2]

Applying this standard to the present case, the record shows that Jones was accused of entering the Tennille Christian Church and spray painting, among other things, red and blue satanic messages in the fellowship hall, chapel, and other areas of the church. Jones was pastor of the church at the time. According to Jones, he was attacked by two males with spray paint who knocked him to the floor, caused his head to strike a table, kicked him, and knocked him unconscious. When Jones awoke, he called 911. However, the two officers who responded to the scene observed no injuries to Jones and observed red paint on his clothes. In addition, Jones received medical attention where various registered nurses observed no injuries to Jones. The nurses observed red paint under the nail and around the outside of Jones' right index or trigger finger and

---

[8] See *Blair v. State*, 216 Ga. App. 545, 547 (2) (455 SE2d 97) (1995).
[1] *Wells v. State*, 227 Ga. App. 521 (489 SE2d 307) (1997).
[2] (Citation omitted.) *Thompson v. State*, 234 Ga. App. 74 (1) (506 SE2d 201) (1998).

removed the paint, turning it over to police. The nurses also observed red paint on Jones' pants and blue paint on his tennis shoes.

Police recovered Jones' clothing and sent it to the state crime lab for testing. Paint samples from the church were also sent to the state crime lab. The state crime lab report concluded that "considering the size and condition of the questioned samples, the possibility that the questioned samples and the paint standards originated from the same source cannot be absolutely eliminated." It was later discovered that Jones had just been rejected by one of the young single girls of the church.

Jones moved in limine to prevent the state from mentioning any paint purportedly seen on his clothing or shoes because the state crime lab lost or misplaced those items and he could not inspect the items or run his own testing regarding the paint on those items. The trial court conducted a two-part analysis in determining whether the lost evidence should be excluded, and it concluded that (1) Jones failed to show that the evidence was lost because of connivance or bad faith on the part of the state, and (2) Jones was not prejudiced by the loss of the evidence.[3] The trial court, therefore, denied Jones' motion in limine. We find no error.

"In dealing with the failure of the state to preserve evidence which might have exonerated the defendant, a court must determine both whether the evidence was material and whether the police acted in bad faith in failing to preserve the evidence."[4] Here, neither the materiality of the clothing and shoes nor the bad faith of the state was shown.

On the issue of bad faith, Jones has not alleged that the evidence was lost due to any intentional action on the part of the state. And, we can find no evidence in the record that the state in bad faith attempted to deny Jones access to evidence that it knew would be exculpatory.[5] "Unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."[6]

In addition, Jones has not shown that his clothing and shoes were material. To be material, the evidence must have had an apparent exculpatory value before it was lost, and be of such a nature that the defendant cannot obtain comparable evidence by other reason-

---

[3] See *West v. State*, 251 Ga. 458, 460 (3) (306 SE2d 909) (1983); *Benford v. State*, 189 Ga. App. 761, 763-764 (1) (377 SE2d 530) (1989).

[4] (Citations and punctuation omitted.) *Brannan v. State*, 275 Ga. 70, 74 (2) (c) (561 SE2d 414) (2002).

[5] See *Walker v. State*, 264 Ga. 676, 680 (3) (449 SE2d 845) (1994).

[6] (Citations and punctuation omitted.) *Milton v. State*, 232 Ga. App. 672, 679 (6) (503 SE2d 566) (1998); see also *Penny v. State*, 248 Ga. App. 772, 774 (1) (547 SE2d 367) (2001).

able means.[7] Jones cites the case of *Sabel v. State*[8] in support of his argument that his clothing and shoes were material. In *Sabel*, the defendant argued that the paint on his hands was not the same paint as the paint on the state-owned property. He requested that the paint samples be tested by his own expert, but the trial court denied his request. The Supreme Court of Georgia reversed the defendant's conviction because he was not permitted to have his own expert test and compare the samples of paint taken from his hands and those taken from the state-owned property. The Supreme Court found that the paint samples were "critical" and subject to varying expert opinions. Thus, the defendant was entitled to have his own expert test the paint samples. This case is inapposite.

In the present case, Jones does not dispute that the paint found on his clothing and shoes is the same paint that was used to vandalize the church. In fact, he admits he was at the church, arguing he was attacked by two men with spray paint and that he probably brushed up against the paint. Jones' sole argument supporting his motion to suppress the evidence of paint on his clothing and shoes is that he cannot duplicate the incident to see if the paint was a result of mist in the air or droplets. He argues that it is impossible to ascertain how the paint got on his clothing because he cannot view the clothing and see the location of the paint or the extent of the paint. This argument does not show that the clothing had any exculpatory value.

The state did not introduce expert testimony showing how the paint got on Jones' shirt. Rather, it merely presented testimony from witnesses who described the paint they saw on Jones' clothing. Clearly, a witness may testify as to what the witness personally observes. Thus, the officers and registered nurses in the present case were properly permitted to testify that they saw paint on Jones' clothing and under his trigger fingernail, even though they were not able to speculate as to how the paint got there. Since this testimony was obviously relevant and material, denying the motion in limine was not error.[9] Jones' arguments regarding how the paint got on his clothing are merely that — arguments that can be made to a jury. Moreover, Jones does not dispute that the paint found under his trigger fingernail was properly preserved by the state crime lab. The trial court did not err in denying Jones' motion in limine to exclude evidence of the paint seen on his clothing and shoes.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

---

[7] *Brannan*, supra; *Walker*, supra at 681.

[8] 248 Ga. 10, 16 (6) (282 SE2d 61) (1981), overruled on other grounds, *Rower v. State*, 264 Ga. 323, 324 (5) (443 SE2d 839) (1994).

[9] See *Harris v. State*, 196 Ga. App. 796, 797 (3) (397 SE2d 68) (1990); OCGA § 24-2-1.

DECIDED NOVEMBER 6, 2002.

*Jon P. Carr, Tom C. Moore*, for appellant.
*Steven Askew, District Attorney, Samuel H. Altman, Assistant District Attorney*, for appellee.