## A06A0011. ROBBINS v. THE STATE.

(627 SE2d 810)

MILLER, Judge.

Following a jury trial, Gerald Glen Robbins was convicted of rape and sentenced to life in prison. On appeal, he contends that the trial court erred in (1) admitting similar transaction evidence; (2) admitting evidence of the sentences imposed in the similar transactions; (3) admitting hearsay evidence regarding a similar transaction; and (4) failing to dismiss the case based upon the State's loss or destruction of the victim's initial statement to the police. We discern no reversible error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that after a night of drinking beer, Robbins entered his neighbor's bedroom while she was asleep. After waking the victim and refusing her pleas for him to leave, Robbins forced himself on her and raped her. The jury found Robbins guilty of rape, and he was sentenced to life in prison. Robbins appeals.

1. Robbins contends that the trial court erred in allowing the State to introduce evidence of two similar transactions. He claims that the incidents were not sufficiently similar to the crime for which he was charged and were overly prejudicial. We disagree.

At the Rule 31.3 (B) hearing, the State proffered two similar transactions to show Robbins' history of forcible assaults with sexual intentions against lone women. The State first showed that Robbins, after a night of drinking, entered an acquaintance's residence intending to commit rape. The victim, who was sleeping in her bedroom, awoke and fought back, causing Robbins to flee. Robbins was charged with burglary with the intent to rape in this matter and entered a negotiated guilty plea. The State secondly showed that on a separate

evening, Robbins, who again had been drinking, attacked another woman whom he had previously seen while she was walking alone on a trail near Robbins' residence. Robbins attempted to force this woman into the woods at knifepoint, but she escaped. Robbins pled guilty to aggravated assault in this matter.

*Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), outlined the three showings the State must make to admit evidence of a similar transaction. First, the State must identify a proper purpose for admitting the transaction; second, the State must show that the accused committed the separate offense; and third, the State must show a sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. "The rules regarding the use of similar transaction evidence are construed most liberally in cases involving sexual offenses." (Citation and punctuation omitted.) *Mangham v. State*, 234 Ga. App. 567, 569 (1) (507 SE2d 806) (1998).

> In the area of sexual offenses, the admissibility of similar transaction evidence is liberally construed. In addition, when forcible sexual assaults are involved, there is at least much sociological evidence to support the conclusion that this type of deviant sexual behavior is a sufficiently isolated abnormality so that proof of the propensity of the defendant to engage in it is at least admissible, and to this extent proof of the one tends to establish the other.

(Citations and punctuation omitted.) *Wagner v. State*, 253 Ga. App. 874, 875-876 (1) (a) (560 SE2d 754) (2002). We will not disturb a trial court's decision to admit similar transaction evidence in the absence of an abuse of discretion. *Rowe v. State*, 263 Ga. App. 367, 368 (1) (587 SE2d 781) (2003).

The case-in-chief conforms in great part to the patterns set in the similar transactions, because Robbins committed all three attacks by force against women who were either asleep or alone and whom he knew or whom he had previously seen. All three attacks also occurred during the evening or at night and after Robbins had been drinking. The State introduced the similar transactions to show Robbins' state of mind, lustful disposition, and propensity to commit sexual assaults. These purposes, which rebut a defense of consent, are a valid basis for admitting the prior transactions. See *Glass v. State*, 255 Ga. App. 390, 393 (2) (565 SE2d 500) (2002) (similar transaction evidence properly admitted "to prove the bent of mind and intent necessary to overcome the defense of consent, and to corroborate the victim's testimony"); *Goodroe v. State*, 238 Ga. App. 66, 68 (2) (b) (518 SE2d

139) (1999) (prior rape showed defendant's lustful disposition and bent of mind). As stated in *Goodroe*:

> Evidence of an earlier assault on a woman is material to the issue of consent or the lack thereof, and has a direct bearing on appellant's bent of mind. Such evidence would tend to rebut appellant's claim of consent by establishing that appellant has a propensity to initiate or continue an encounter without a woman's consent. Such evidence also corroborates the victim's testimony that appellant acted in the manner charged.

(Citation and punctuation omitted.) Id. In a prosecution for rape, the prior assault need not have resulted in an actual sexual assault or completed rape to be admissible. See *McBee v. State*, 228 Ga. App. 16, 19-20 (1) (491 SE2d 97) (1997). The trial court found that the prior transactions were sufficiently similar, and we hold that the trial court did not abuse its discretion in making this finding.

2. Robbins next contends that the trial court erred in allowing the State to introduce evidence regarding his convictions and sentences in the similar transactions. Robbins failed to object to the introduction of documents establishing the convictions and sentences, however, and has thus waived this argument on appeal. *Peterson v. State*, 212 Ga. App. 147, 149 (2) (441 SE2d 481) (1994). We find it highly unlikely, moreover, that the admission of this evidence contributed to the jury's guilty verdict. See *Miller v. State*, 250 Ga. App. 84, 85-86 (2) (550 SE2d 134) (2001).

3. Robbins also argues that his conviction should be reversed because the trial court did not hold a separate Rule 31.3 (B) hearing concerning his encounter with a woman on the same evening as his attack on the victim near the walking trail. We disagree.

Here, the police officer who interrogated Robbins about the attack testified that Robbins, in the course of the interrogation, mentioned that he and a woman had "flirted" at a certain restaurant near the walking trail earlier in the evening that the attack took place. The police officer testified that he asked Robbins about this encounter because he knew that a woman had filed a complaint that a man matching Robbins' description had pursued her outside that restaurant on the night in question and asked her to have sex with him. This woman later identified Robbins in a lineup. Robbins objected to the introduction of this testimony on the ground that it was hearsay, but the trial court overruled the objection.

Evidence of Robbins' guilt, other than the statement of the police officer regarding the confrontation outside the restaurant, was provided by Robbins himself in this case, as when he acknowledged that

the victim may not have wanted to have sex with him, and by the victim, who identified him as her assailant. In addition, the victims of the first and second similar transactions, which were subject to a Rule 31.3 (B) hearing, likewise each separately identified Robbins as the man who attacked her. It may be true that the trial court should not have admitted this hearsay testimony, especially since this case is not one of those rare instances in which the police officers' conduct needed to be explained as part of the investigation. See *Black v. State*, 190 Ga. App. 137 (1) (378 SE2d 342) (1989). Even assuming that the hearsay testimony of the police officer concerning the incident outside the restaurant was admitted erroneously, however, it is highly improbable that this testimony contributed to the verdict in light of the overwhelming evidence of Robbins' guilt. See *Richards v. State*, 222 Ga. App. 853, 856 (3) (476 SE2d 598) (1996); see also *Black*, supra, 190 Ga. App. at 137 (1); *Wright v. State*, 226 Ga. App. 499, 500-501 (2) (486 SE2d 711) (1997); *Holt v. State*, 248 Ga. App. 334, 337 (3) (546 SE2d 83) (2001) (appellant must show harm as well as error to prevail on appeal).

4. Finally, Robbins argues that the trial court erred when it refused to dismiss the case on the ground that police had lost or destroyed a videotape containing the victim's initial statement to the police. Again, we disagree.

"Unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." (Punctuation and footnote omitted.) *Jones v. State*, 258 Ga. App. 283, 284 (574 SE2d 359) (2002). Here, the trial court held a hearing on Robbins' motion in limine and found no evidence of bad faith concerning the loss of the videotape. In light of the trial court's ruling as well as the fact that Robbins was afforded the opportunity to cross-examine the victim at trial, we conclude that there was no error in the trial court's refusal to dismiss the case. See *Champion v. State*, 260 Ga. App. 12, 15 (2) (579 SE2d 35) (2003).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 13, 2006 —
RECONSIDERATION DENIED MARCH 2, 2006 — ■

*Lee W. Fitzpatrick*, for appellant.
*David McDade, District Attorney, Christopher R. Johnson, Assistant District Attorney*, for appellee.